104 So.2d 384 (1958)
James L. HALL, Petitioner
v.
SEABOARD MARITIME CORPORATION and Florida Industrial Commission, Respondents.
No. A-311.
District Court of Appeal of Florida. First District.
July 8, 1958.
*385 William F. Daniel, of Cotten & Shivers, Tallahassee, for petitioner.
Leo C. Jones, III, of Isler & Welch, Panama City, and Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
WIGGINTON, Judge.
We are here petitioned for a writ of certiorari to review an order of the Florida Industrial Commission affirming its deputy's order dismissing claimant's petition for modification of a prior order that denied his claim for benefits.
Claimant was employed by the respondent corporation on March 24, 1952, when he suffered a compensable injury which caused a cerebral hemorrhage, resulting in *386 a paralysis of his side. No compensation or medical benefits were paid by the employer or its carrier. Claim for these benefits was not filed until July 16, 1954, more than two years after the date of injury. The employer interposed the defense that the two-year limitations period provided in § 440.19(1) (a) had expired.[1] Claimant sought to avoid this defense by a plea of mental incompetency under F.S. § 440.19 (3), F.S.A., which provided that F.S. § 440.19(1), F.S.A., shall not apply if the person entitled to compensation is mentally incompetent and has no guardian or other authorized representative.[2]
At the hearing before the deputy testimony was taken relative to claimant's mental competency during the interim between his injury and the filing of his claim including that of two doctors called as experts, claimant, his wife, and other lay witnesses. Based upon the evidence thus adduced, claimant was found to be mentally incompetent, which condition, it was held, tolled the statute of limitations and rendered the claim timely. On review this order was reversed and the claim dismissed by the full Commission upon its determination that the deputy's finding of incompetency was not supported by the evidence. Claimant's subsequent petition to the Supreme Court for writ of certiorari was denied without opinion.[3] The full Commission's order was entered on February 25, 1955, and mailed to the interested parties on that date.
Thereafter, on February 19, 1957, claimant petitioned the commission for a modification order on the statutory ground that the prior order was predicated upon a mistake in a determination of fact.[4] At the hearing on his petition for modification claimant called as witnesses his doctor and his wife, both of whom had testified previously, and several lay witnesses who had not offered testimony at the original hearing. All testified concerning the identical issue, claimant's mental competency, which formed the basis of the original proceeding. After stating that his opinion regarding claimant's mental competency had remained unchanged since he first testified, claimant's doctor proceeded to elaborate upon his original testimony and attempted to support his initial opinion that claimant was and is mentally incompetent. This, as well as the testimony of claimant's wife and other new witnesses, was found by the deputy to be merely cumulative of that given at the original hearing. In his order dismissing claimant's petition the deputy concluded: (1) that he lacked jurisdiction, and (2) that aside from the question of jurisdiction, evidence which is merely cumulative and does no more than add to or controvert that previously heard is not sufficient to reopen a claim under § 440.28. This order was affirmed by the full Commission on appeal.
At the outset we observe that the question of jurisdiction is not properly determinative *387 of this cause. We do not understand that the full Commission or its deputy can deny jurisdiction when as here the legislature has specifically conferred it. We construe that portion of the deputy's order not as denying jurisdiction to consider the petition, but merely as holding the evidence adduced to be insufficient to warrant an exercise of his authority to modify the previous order.
The keystone of petitioner's position is his contention that the full Commission erred in affirming the deputy's order on the authority of Sonny Boy's Fruit Co. v. Compton.[5] It is argued that the principle set forth in that case is applicable only to claims for "additional compensation" based upon a change in condition.
The provisions of F.S. § 440.28, F.S.A., are strikingly similar to those of the Act of Congress entitled the Longshoremen's and Harbor Workers' Compensation Act.[6] The latter has been the subject of considerable litigation before the federal courts. While we are not bound thereby, we consider the construction given that Act helpful here.
The federal Act does not permit reopening a cause when it appears that the commission has given full effect and consideration to all the evidence and all that had occurred was that an additional witness had been subsequently offered whose testimony related to issues of fact previously adjudicated and merely furnished the basis for a higher award.[7] Further, while new evidence may be fairly introduced in a proceeding to reopen on the ground of a mistake in a determination of fact, and this new evidence need not be "newly discovered", it is equally plain that the statute means something more than that the commissioner may change his mind whenever he pleases, and either on the same evidence or new evidence, make a new award.[8]
Our Supreme Court has given its approval to the foregoing principles controlling claims seeking modification by reason of a mistake in a determination of fact,[9] as well as by reason of a change of conditions.[10]
F.S. § 440.28, F.S.A., was not intended as affording a claimant or employer an opportunity to relitigate an identical issue which had been previously determined solely upon an increase in the quantum and probative force of evidence in support of a conclusion contrary to that reached by prior determination. As we construe it, this section was intended to apply to those cases in which by reason of a lack of evidence the Commission has not had an opportunity to properly determine the issues arising out of a claim  as when a claimant fails to show the true extent of his injury either because such was not then known, or had not manifested itself in sufficient degree as to be subject to proof.[11] While we do not hold this to be the only situation warranting a modification, we are firmly convinced that the legislature did not by this section intend to rape the statute of limitations, provided in the same chapter, of its force and effect; or to provide a secondary means of reviewing an otherwise final order. Such would be the effect of a holding which would permit the relitigation of an issue of fact on the sole ground that it was mistakenly determined, when the challenging party has only a greater or more favorable volume of evidence as to the identical issue upon which to base his *388 contention. The statute does not say, nor does it mean, that a proceeding may be reopened whenever any party finds a witness who can testify more favorably for him than his other witnesses had done; or finds that a former witness can offer stronger and more favorable testimony than he had previously given.
Our review of the entire record here on review convinces us that nothing new was developed by the petition for modification and that the evidence offered was merely cumulative of that previously offered upon the identical issue. Therefore, the deputy was justified in concluding that there had been no showing of mistake. It follows that the order of the full Commission, affirming the deputy, conformed to the essential requirements of law. Accordingly the petition for writ of certiorari must be and the same is hereby denied.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] Sec. 440.19(1) (a). "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, * * *."
[2] Sec. 440.19(3). "If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subsection (1) shall not be applicable so long as such person has no guardian or other authorized representative, * * *."
[3] Hall v. Florida Ind. Comm., Fla. 1955, 81 So.2d 808.
[4] F.S. § 440.28, F.S.A. "Upon their own initiative or upon application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the commission may at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case * * * and * * issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. * * *"
[5] Fla. 1950, 46 So.2d 17.
[6] 33 U.S.C.A. § 922.
[7] Texas Employers' Ins. Ass'n v. Sheppeard, D.C. 1938, 42 F. Supp. 669; See: Gravel Products Corporation v. McManigal, D.C. 1936, 14 F. Supp. 414.
[8] Stansfield v. Lykes Bros. S.S. Co., Inc., 5 Cir., 1941, 124 F.2d 999.
[9] McDonough v. Versailles Hotel, Fla. 1952, 57 So.2d 16.
[10] Sonny Boy's Fruit Co. v. Compton, supra, note 5.
[11] Stansfield v. Lykes Bros. S.S. Co., Inc., supra, note 8.