DREW, Justice
(dissenting).
An examination of the record in this case, and particularly that portion of it containing the examination of the claimant by the deputy commissioner at the hearing on the petition for modification, leads me to the conclusion that the commissioner concluded that he clearly misunderstood and misinterpreted the evidence of the claimant at the original hearing with reference to a vital factor, namely the reinstallation of a levelling bolt used in the telephone booth.[1]
In the original hearing the carrier’s attorney exhibited what was apparently a model of the floor of the telephone booth showing the bolts in question. With reference to whether the levelling bolt was inserted from the outside or the inside when he examined and repaired the booth, the claimant’s testimony in describing what was found and what was done — using the exhibit to describe it — was confusing to and misunderstood by the deputy. When re-examined by him, however, on the petition for remodification, it is quite clear to me that he realized he had misunderstood the claimant and that the story told by him at the original hearing was true.[2] This is the actual finding of the deputy and was rendered conclusive in his mind by the subsequent discovery of the disputed work slip and its introduction at the hearing on the petition for modification. At this hearing both the claimant and his wife testified that they found the slip in a dresser drawer sometime after the first hearing. This testimony is not controverted and must be accepted as true. The deputy commissioner so accepted it and concluded that his original assumption that the claimant did not work on the booth on the day in question was wrong, such conclusion being influenced as I have shown largely by his misinterpretation of the evidence of the claimant concerning the floor of the telephone booth and his reliance upon the testimony of the employer that no repair slip had been filed with them.[3]
I think this is exactly the type of situation contemplated by that provision of the Workmen’s Compensation Act providing for modification of an award by virtue of a change of fact.[4] The Workmen’s Com *871 pensation Act is designed to protect workmen injured in the. performance of their duties and when this fact is made to appear by conclusive evidence as was done here within the time fixed by the statute, it seems to me the purpose of the law is served by awarding compensation. The purpose of the modification provision would surely be thwarted if a deputy commissioner is to be prevented by a strained construction of the law from correcting an obvious injustice on clear and convincing evidence within the period the statute provides for that purpose.
I would quash the order of the full commission and affirm the order of the deputy commissioner.

. “14. I am of the opinion that the position of the bolts is persuasive evidence of whether or not the claimant was actually performing the repair operation that he alleged. The witnesses for the carrier testified that they had never known the position of the bolts to be reversed and that this would be a very unusual circumstance. If the bolts had been reversed, it would show that_ the claimant had probably performed the operation that he alleges he was engaged in when he felt the pain in his back.”

. “ * * * claimant testified that when he repaired the telephone booth he found that a nut and bolt arrangement which was inserted through the side of the phone booth and which tightened on a bracket which helped to level a phone booth, was reversed and installed incorrectly. The employer testified that such an arrangement was extremely unlikely because the nut-bolt and bracket arrangement were not manufactured to work unless properly installed and it was, therefore, thought by the parties that an examination of the booth would, and the position of the nut-bolt ar-rangemeut, be persuasive evidence as to whether claimant had ever worked on the booth. Following the hearing the claimant and his attorney and the employer’s attorney then went to the telephone booth, examined same, and found that the nuts and bolts were properly installed at which time claimant stated that they were properly installed simply because he had corrected it on February 9, 1959.”

. “4. The most persuasive bit of evidence, however, in behalf of the employer was that claimant had never turned in a repair slip showing any work done on the phone booth on February 9, 1959. Thereafter, an order was entered on June 16, 1959, finding that claimant had not suffered an injury by-accident arising out of and in the course of his employment with the employer herein.”

. “440.28 Modification of orders.— Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake *871 in a determination of fact the commission may at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation ease in accordance with the procedure prescribed in respect of claims in § 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. * * ”
We are concerned here with a mistake of fact. In Hall v. Seaboard Maritime Corporation, Fla.App., 104 So.2d 384, 387, the District Court correctly stated:
“ * * * As we construe it, this section was intended to apply to those cases in which by reason of a lack of evidence the Commission has not had an opportunity to properly determine the issues arising out of a claim— * * * ”
In the instant case there is no doubt the commission lacked “the most persuasive bit of evidence” i. e. the repair slip.