156 So.2d 162 (1963)
Lloyd A. SAUDER, Petitioner,
v.
COAST CITIES COACHES, INC., United States Fidelity and Guaranty Company and Florida Industrial Commission, Respondents.
No. 32399.
Supreme Court of Florida.
May 22, 1963.
*163 Kastenbaum, Mamber, Gopman & Epstein and Stanley Epstein, Miami Beach, for petitioner.
Summers Warden, Miami, for Coast Cities Coaches, Inc., United States Fidelity & Guaranty Co.
Burnis T. Coleman and Patrick H. Mears, Tallahassee, for Florida Industrial Commission.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission reversing an order of a deputy commissioner who had modified an award with a finding that a mistake in a determination of fact had occurred.
We must decide whether the record supports the deputy's finding to the effect that the original award was the product of a mistake in a determination of fact.
*164 Petitioner Sauder sustained a compensable injury while working as a bus driver for the respondent Coast Cities Coaches on April 16, 1959. On October 26, 1959, deputy commissioner Falk, after an adversary hearing found that the claimant had reached maximum medical improvement on September 19, 1959. On the basis of the medical testimony then presented, he concluded that the claimant had sustained a lumbo-sacral sprain resulting in a 10% permanent partial disability of the body as a whole. Subsequently, the claimant, through the assistance of the Vocational Rehabilitation Department, attended barber college until April 1960. He was unable to return to work as a bus driver. From April 1960 to July 1961, claimant worked as a barber, earning various sums up to $60.00 per week. During this period the claimant's condition became increasingly more painful. Finally, on July 13, 1961, the claimant filed a petition for modification of the original award. It is not clear whether the petition was grounded upon an alleged change of condition or a mistake in the determination of a fact at the initial hearing. However, the modification petition does allege that the "employee has sustained a herniated disc and is completely unable to earn a livelihood." The modification proceeding was conducted before deputy commissioner Teller. At a hearing held February 14, 1962, the medical testimony was to the effect that the claimant was then suffering from a herniated disc. One doctor specifically testified that, assuming there had been no intervening injury, the original accident produced a condition that progressed to the herniated disc. No intervening injury was shown. Deputy Teller concluded that there was a mistake in the determination of a fact in the original order entered by Deputy Falk. He reevaluated the claimant's condition and allowed him temporary total disability benefits from September 1959 to June 1, 1960, taking credit for partial disability benefits paid. Temporary partial benefits were allowed from June 1, 1960, to July 10, 1961, a period during which claimant worked as a barber. Temporary total benefits were allowed from July 10, 1961, to December 27, 1961, which was then set as the date of maximum medical improvement. Thereafter, the claimant was allowed benefits for 75% permanent partial disability of the body as a whole. On review the Full Commission, one member dissenting, reversed the deputy by holding that there was no competent substantial evidence to support a finding of a mistake in the determination of a fact in the initial proceeding. The claim for modification was dismissed. The dissenting member agreed in the reversal predicated upon a failure to establish a mistake in the determination of a fact. However, it was his view that the matter should be remanded to the deputy to ascertain from the record whether a modification was justified on the basis of a change in condition.
We agree with the Full Commission that the record fails to support a finding of a mistake in the determination of a fact in the initial compensation order. In order to support a modification under Section 440.28, Florida Statutes, F.S.A., on the ground of the mistake in the determination of a fact, a claimant has the burden of showing that the mistake was one committed by the deputy and was not merely an erroneous conclusion formed by his own witnesses. Power v. Joseph G. Moretti, Inc., Fla., 120 So.2d 443. The claimant insists that the mistake resulted from the fact that when his claim was initially heard his condition had not developed sufficiently to enable the deputy to form an accurate judgment regarding the extent of his ultimate disability. Claimant relies upon Hall v. Seaboard Maritime Corp., Fla.App., 104 So.2d 384. This decision of the District Court of Appeal does suggest by inference that a mistake supporting a modification order can occur when the true extent of the injury has not manifested itself in sufficient degree to be the subject of proof. Actually, the ultimate holding of that decision was that a mistake had not there been established. The language illustrating a situation which justifies modification apparently *165 was directed to the broad provisions of Section 440.28, supra, without intending to define the type of error to support a modification under the mistake provision.
We think it appropriate to emphasize that under Section 440.28, supra, modification can be accomplished, (1) if the deputy makes a mistake in the determination of a fact or, (2) if there is a change in condition, either for better or worse. It is important to observe the distinction between the two statutory conditions. As we have said on several occasions, it is not sufficient to support a modification under either provision by merely producing cumulative evidence.
To support a modification on the ground of a mistake in the determination of a fact in the initial proceeding the claimant must demonstrate an erroneous factual finding or conclusion drawn by the deputy from the evidence. The mistake must be the factual error of the deputy, not the claimant's witnesses. It is the responsibility of the claimant to present his evidence to support his claim and, as in any other proceeding, he is bound by it. City Ice and Fuel Division v. Smith, Fla., 56 So.2d 329; Glasser v. Youth Shop, Fla., 54 So.2d 686; Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495. To this extent, we do not agree with the oftenmentioned decision in Stansfield v. Lykes Bros. S.S. Co., 5 Cir., 124 F.2d 999. It appears to have been the holding there that even though a claimant knowingly withholds evidence that leads the deputy to an erroneous factual conclusion, such claimant can later claim the benefit of the mistake of fact produced by his own act. It is our view that all known evidence bearing on the claim should be submitted to the deputy. If the claimant fails to produce evidence available to him or produces unreliable evidence, he cannot later effectively maintain that the deputy committed error in relying upon the evidence which he himself produced. Consequently, in the instant case, it is clear that the original deputy relied upon the evidence submitted by the claimant. He made no mistake in doing so. The majority of the Full Commission was correct in reversing the modification order based upon the alleged mistake.
However, the record submitted to the second deputy here does contain evidence which, if accepted, would indicate a change in condition. In the modification proceeding there was medical testimony which, if believed, would support a finding that the claimant's condition had substantially changed. The so-called change of condition provision is available to bring relief to a claimant whose condition becomes progressively worse even though not anticipated by the original diagnosis. A change also may be the product of evidentiary factors not known at the time of the initial claim proceeding. The burden remains with the claimant to establish by competent substantial evidence the occurrence of the change or deterioration in his condition, and with reasonable medical certainty, the period during which his condition progressively worsened. We agree with the dissenting commissioner here that instead of dismissing this claim the Full Commission should have remanded the cause to the deputy for a reconsideration of the record and appropriate findings relating to a modification of the initial order on the ground of a change in conditions.
The order of the Full Commission is approved to the extent that it reversed the deputy but it is quashed to the extent that it dismissed the claim. The cause is remanded to the Full Commission with directions to remand the same to the deputy with directions to him to reconsider the record and submit appropriate findings and recommendations with reference to a modification of the initial order because of the claimant's alleged changed condition.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and DREW, JJ., concur.