THOMAS, Justice.
The petitioner, an untrained day laborer, was injured during the course of his employment by Bruce Construction Corporation 4 November 1954, when he fell down a stairway and struck his back. Subsequently he underwent two operations, one for removal of a disk and one for spinal fusion. Afterward, 17 July 1959, the deputy commissioner awarded him compensation for 45 per cent, permanent partial disability of the body as a whole.
On 10 August 1961 petitioner, through his attorney, presented a petition for modification of the deputy’s order “based on a mistake in fact and/or change in condition.” The matter proceeded to a hearing which culminated in an order by a sequent deputy commissioner who, on 17 April 1962, after analyzing the testimony of the claimant and the medical witnesses, found that the claimant’s condition had so changed since the date of the previous order of 17 July 1959, that he was entitled to compensation on the basis of 65 per cent, permanent partial disability of the body as a whole.
It should be emphasized that although the petition for modification was predicated on mistake of fact as well as change of condition, for both of which there is provision in Sec. 440.28, Florida Statutes, F. S.A., the finding was restricted to the latter aspect of the claim.
Despite the apparent limitation of the finding to the matter of change of condition and the obvious restriction of the order to that phase of the petition the Full Commission when reviewing the case seems to have mingled the two provisions for it was expressly recited in the final order of reversal that the employer and carrier had asked for the review “urging essentially that there is no competent substantial evidence which would support a finding of the deputy that claimant had a change of condition subsequent to the entry of the order of July 17, 1959, or that there was a mistake in the determination of fact of the July 1959 Order,” which was followed by “agreement with the contention of the carrier that the evidence adduced * * *, upon which [the] Deputy Commissioner * * *, based his Order granting the petition for modification, is merely cumulative of the evidence submitted to the prior deputy commissioner.” (Italics supplied.) So the Full Commission appears to have applied the rule with reference to accumulation of evidence equally to the matters of mistake of fact and change of condition.
*118 Cited as authority for the conclusion were our decisions in Sonny Boy’s Fruit Co. v. Compton, Fla., 46 So.2d 17, McDonough v. Versailles Hotel, Fla., 57 So.2d 16, Hall v. Seaboard Maritime Corporation, Fla.App., 104 So.2d 384, and Beaty v. M & S Maintenance Co., Fla., 124 So.2d 868.
In the first of these we rejected the contention of the claimant that there should be modification when it developed that the evidence supporting the request for it was cumulative and amounted only to a difference of opinion between witnesses who had testified in the first instance and those who supported the petition for modification. In this case the effort to secure additional compensation was founded on misrepresentation of facts originally established.
The McDonough case was one in which there was no contention that there had been a change of condition but only that a mistake in fact had been made with reference to the character of the workman’s injury. In the opinion the court reiterated the ruling in the Sonny Boy’s Fruit Company case with reference to the disallowance of cumulative evidence.
In the case of Hall v. Seaboard Maritime Corporation, supra, the District Court of Appeal, First District, faithfully followed our decisions dealing with the re-trial of issues already adjudicated and the allied matter of cumulative testimony in proceedings under the statute to modify, but here, again, the court was dealing with a petition to revise the initial order because of an asserted mistake of fact.
In the fourth of the cited cases, Beaty v. M & S Maintenance Co., the court was considering a petition for modification sought on the ground of newly found evidence and it was held that the evidence said to have been recently discovered did nothing more than add to or controvert evidence originally adduced and the rule in the Sonny Boy’s Fruit Company decision was re-announced. The decision of this court in. Power v. Joseph G. Moretti, Inc., 120 So.2d 443, was cited and in that case also the-court was dealing with a petition for modification upon the ground that there had been error in determination of fact.
We propose rigidly to adhere to' the rule in respect of the valuelessness of cumulative evidence in petitions filed under Sec. 440.28, supra, and the uselessness of resorting to the law in an effort to secure a. re-trial but it does not follow that petitions for modification on the ground of mistake of fact and those based on change of condition fall neatly in the same category and may, therefore, be blended as the Full Commission undertook to do in the instant case,, and the rule with reference to cumulative evidence consequently be applied indiscriminately.
From their very nature a petition bottomed on a mistake of fact would form a temptation, at least, to review, retry and' revise what had gone before, while a petition presenting change of condition would’ by the term itself indicate occurrences or developments which were not foreseen and probably could not have been anticipated when an injury was first appraised and compensation based upon it fixed.
We think the Full Commission erred when it mixed the two situations defined in the statute, in spite of the deputy’s determination to treat only of change of condition, and we are convinced that there was abundant evidence to support the deputy’s finding that a change of condition had transpired.
The order of the Full Commission is, consequently, quashed.
ROBERTS, Acting C. J., and THOR-NAL, O’CONNELL and CALDWELL,. JJ., concur.