ERVIN, Justice.
By petition for writ of certiorari we have for review a decision of the Florida Industrial Relations Commission reversing a modification order of a Judge of Industrial Claims.
The claimant, Petitioner Louis Soloff, was injured in 1965 when he suffered a heart attack while employed by Respondent U-Totem, Inc. His injury was found to be compensable, and he was awarded 50 per cent permanent partial disability of the body, apportioned as' 30 per cent attributable to the industrial accident and 70 per cent due to a pre-existing arteriosclerotic heart disease. No appeal was taken from this decision.
In 1966 claimant filed a petition for modification seeking additional permanent disability based upon a change in condition under F.S. Section 440.28, F.S.A. Thereunder, after hearing, the Judge of Industrial Claims increased claimant’s disability to 75 per cent of the body as a whole. The Judge retained the 30 per cent/70 per cent apportionment. This Order was reversed by the Industrial Relations Commission, and this Court denied certiorari. (Soloff v. U-Totem, Fla.1968, 216 So.2d 2)
Subsequently, claimant suffered two additional heart attacks, one in December 1967 and the other in December 1968. Claimant then filed another petition for modification. The Judge of Industrial Claims found claimant had “suffered a *32 change of condition within the meaning of Florida Statute 440.28, F.S.A., and is permanently and totally disabled from an earning capacity standpoint since the second myocardial infarction on December 31, 1967.” (Emphasis added.) The Judge continued to apply the 30 per cent apportionment figure. In reaching his conclusion that a change of condition had occurred, the Judge made the following findings of fact:
“On December 21, 1967, the claimant suffered a second myocardial infarction and thereafter on December 16, 1968, the claimant suffered a third myocardial infarction. Such myocardial infarctions were documented objectively by E.K.G. Dr. Willner was of the opinion that claimant’s second and third infarctions, as well as a circulatory abnormality in his legs, were causally related to claimant’s compensable condition, while Dr. Franz Stewart’s report reflected the opinion that the second and third infarc-tions were a progression of claimant’s arteriosclerotic heart disease which preexisted claimant’s compensable injury.
“In resolving this conflict on the question of causal relationship, I choose to accept the opinions of Dr. Willner, the claimant’s treating physician throughout. Where Dr. Willner’s opinions conflict with those of Dr. Stewart, the opinions of Dr. Stewart are rejected.”
The Industrial Relations Commission reversed this award. In reaching this conclusion, the Commission said:
“The fact that the claimant’s first myocardial infarct may have made the claimant more susceptible to subsequent heart attacks due to the worsening of his fundamental arteriosclerosis does not, in our opinion, constitute a change in condition within the meaning of Workmen’s Compensation Law. The evidence here presented to us is cumulative and cannot be a basis for an award. As stated in our previous Order of January 29, 1968: ‘. . . the claimant’s change in condition, if any, is due to the normal progress of his pre-existing cardiovascular disease which is not in any way causally related to his industrial accident
In Sauder v. Coast Cities Coaches, Inc., .156 So.2d 162 (Fla.1963), the Supreme Court, in commenting on cumulative evidence, stated:
‘ . . . As we have said on several occasions, it is not sufficient to support a modification under either provision by merely producing cumulative evidence.’ ”
While this Court in Sauder did say modification could not be based solely upon cumulative evidence, we went on to distinguish petitions for modification based upon mistakes in the determination of fact from those based upon changes in condition. Modification awards based upon the former are permitted only where the Judge of Industrial Claims has made a factual error. Cumulative evidence serves no useful purpose in such a case. Change of condition awards, however, are made where it is shown:
“that the claimant’s condition had substantially changed. The so-called change of condition provision is available to bring relief to- a claimant whose condition becomes progressively worse even though not anticipated by the original diagnosis. A change also may be the product of evidentiary factors not known at the time of the initial claim proceeding. The burden remains with the claimant to establish by competent substantial evidence the occurrence of the change or deterioration in his condition, and with reasonable medical certainty, the period during which his condition progressively worsened.” Sauder v. Coast Cities Coaches, Inc., supra, at 165.
The testimony of Dr. Willner in this case supports the Judge of Industrial *33 Claims’ finding that claimant’s condition had “substantially changed” and that the change was causally related to the earlier compensable accident. The Commission, in reversing the Judge, substituted its own findings of fact for those made by the Judge, and apparently applied the rules to be used when considering petitions for modification based upon mistake in determination of fact, rather than those relating to changes in condition. In Dixon v. Bruce Construction Corporation, Fla.1963, 160 So.2d 116, we quashed a similar Order by the Commission and said:
“[T]he Full Commission appears to have applied the rule with reference to accumulation of evidence equally to the matters of mistake of fact and change of condition.
‡ ‡ J}i >fc
“We propose rigidly to adhere to the rule in respect of the valuelessness of cumulative evidence in petitions filed under Sec. 440.28, supra, and the uselessness of resorting to the law in an effort to secure a re-trial but it does not follow that petitions for modification on the ground of mistake of fact and those based on change of condition fall neatly in the same category and may, therefore, be blended as the Full Commission undertook to do in the instant case, and the rule with reference to cumulative evidence consequently be applied indiscriminately.
“From their very nature a petition bottomed on a mistake of fact would form a temptation, at least, to review, retry and revise what had gone before, while a petition presenting change of condition would by the term itself indicate occurrences or developments which were not foreseen and probably could not have been anticipated when an injury was first appraised and compensation based upon it.” Dixon v. Bruce Construction Corporation, supra, at 117 and 118.
In the case sub judice there was competent substantial evidence supporting the Judge of Industrial Claims’ finding that claimant had suffered a change of condition within the meaning of F.S. Section 440.28, F.S.A., primarily the occurrence of the two later heart attacks causally related to the compensable accident. In addition, we find the Judge made adequate findings of fact regarding medical testimony and medical expenses.
The Order of the Industrial Relations Commission is quashed. This cause is remanded to the Commission with instructions that the Order of the Judge of Industrial Claims be reinstated and affirmed.
It is so ordered.
ROBERTS, C. J., and CARLTON, McCAIN and DEKLE, J J., concur.