394 So.2d 1089 (1981)
GENERAL ELECTRIC COMPANY and Electric Mutual Insurance Company, Appellants,
v.
Sue OSBORNE, Appellee.
No. UU-48.
District Court of Appeal of Florida, First District.
March 10, 1981.
*1090 Robert E. Sheridan, of Jesse F. Sparks, P.A., Orlando, for appellants.
David M. Hammond, of Meyers, Mooney & Adler, P.A., Orlando, for appellee.
SHIVERS, Judge.
Employer/Carrier appeal a workers' compensation order of modification finding that claimant has sustained a change of condition and awarding 75% permanent partial disability benefits of the body as a whole. We reverse in part and affirm in part.
Claimant sustained a compensable industrial injury on March 29, 1971, when she ruptured a disc in her back. An order was entered on February 4, 1975, finding that the claimant had a 15-20% permanent physical impairment and awarding permanent partial disability benefits of 50% of the body as a whole due to loss of wage-earning capacity. On February 15, 1979, claimant filed a petition for modification, alleging a change of condition since the entry of the previous order, and seeking benefits in excess of 50% permanent partial disability of the body as a whole. At the hearing below, she testified that her condition had deteriorated since 1975, resulting in another back operation in 1979, and the intensity of pain in her back had increased and was beginning to radiate into her left leg. Her treating physician basically corroborated the claimant's testimony and opined that she now had a 25-30% anatomical impairment rating as a result of the accident.
The deputy commissioner found that claimant's condition had changed since the earlier order and awarded 75% permanent partial disability benefits of the body as a whole based upon a loss of wage-earning capacity.
The deputy commissioner did not err in finding the claimant's condition had changed. Section 440.28, Florida Statutes (1977), provides for a modification of a previous compensation order on the ground that the claimant's condition has changed since the entry of the previous order. The change of condition provision is designed to afford relief to a claimant whose condition either becomes progressively worse when not anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial claim proceeding. Sauder v. Coast Cities Coaches, Inc., 156 So.2d 162 (Fla. 1963); Soloff v. U-Totem, Inc., of Broward, 257 So.2d 31 (Fla. 1972). The change of condition provision applies to those cases in which, at the time of the initial order, claimant failed to show the true extent of the injury either because it was not known or had not manifested itself in sufficient degree to be subject to proof. Hall v. Seaboard Maritime Corporation, 104 So.2d 384 (Fla. 1st DCA *1091 1958); Italian Terrazzo and Mosaic Company, Inc. v. Mitchell, 8 FCR 68 (1973).
Here, claimant has sustained her burden of proving a change of condition. She testified that she has not sustained an injury or accident since entry of the original order in 1975. Since 1975, her condition has gradually worsened. The pain in the middle of her low back has begun to slowly radiate into her left leg. About one year after the previous order, she began having hard cramps and numbness in both legs. This numbness later developed into a "throbbing, aching pain" which required her to begin to take pain medication and subsequently led to further back surgery in 1979. Prior to the 1979 surgery, claimant's treating physician testified that his examination of the claimant basically corroborated her complaints about her deteriorating condition. He testified that the 1979 surgery was related to the claimant's industrial accident and previous back surgery in 1974. He opined that claimant presently has a 25-30% permanent physical impairment of the body as a whole. Previously, the original order found that claimant had a 15-20% permanent physical impairment of the body as a whole. Therefore, there is sufficient evidence to support the change of condition finding by the deputy commissioner. See, Scotty's Carpet Service v. McGriff, IRC Order 2-3155 (1977), holding that there was sufficient evidence to support a finding of a change of condition where the claimant and the claimant's physician agreed that claimant's condition had deteriorated since the initial order.
However, there is insufficient evidence to support the finding that claimant's disability has increased from 50-75% permanent partial disability of the body as a whole based upon loss of wage-earning capacity. Walker v. Electronic Products, 248 So.2d 161 (Fla. 1971). Claimant testified that she has not worked and has made no attempt to obtain employment since 1974. In order to show a loss of wage-earning capacity, claimants must affirmatively demonstrate a good faith effort to obtain employment within their physical limitations. Mahler v. Lauderdale Lakes, 322 So.2d 507 (Fla. 1975); Matera v. Gautier, 133 So.2d 732 (Fla. 1961); Walker, supra. Therefore, the award of 75% permanent partial disability of the body as a whole based upon a loss of wage-earning capacity must be reversed because of the claimant's failure to seek employment.
In light of this decision, the deputy commissioner's award of attorney's fees to claimant's attorney must also be reversed and remanded for reconsideration. Although claimant's attorney is entitled to a fee for obtaining the unappealed award of temporary total disability benefits for the claimant, the attorney fee award below was based, in part, upon the erroneous finding that the claimant sustained a loss of wage-earning capacity of an additional 25% since the previous order.
Accordingly, the appealed order is affirmed in part and reversed in part.
McCORD and JOANOS, JJ., concur.