ROBERT P. SMITH, Jr., Chief Judge.
We have considered at some length Ack-el’s appeal from the deputy commissioner’s 1981 order denying Ackel’s petition to modify the May 1978 compensation order based on an asserted detrimental change in Ack-el’s condition. Section 440.28, Florida Statutes (1979). By the order now appealed the deputy declined to increase Ackel’s earlier 70 percent permanent partial disability rating, due to lost wage earning capacity, declined to reclassify Ackel as temporarily and totally disabled, and declined to order remedial psychiatric treatment.
Ackel’s present psychiatric disability, attested by a psychiatrist who examined Ack-el but once before the modification hearing, and at the instance of Ackel’s attorney rather than for an attending physician, is shown by this record as a deepening exacerbation of emotional problems which attended Ackel’s physical disabilities at the time of the original May 1978 compensation order. Whether the deputy properly regarded the new psychiatric testimony as cumulative of evidence that was or should have been adduced at the earlier compensation hearing, thus as not requiring modification, is somewhat problematic. See Sonny Boy’s Fruit Co. v. Compton, 46 So.2d 17 (Fla.1950); Sauder v. Coast Cities Coaches, Inc., 156 So.2d 162 (Fla.1963). Yet given Ackel’s noncompensable heart and neck disabilities, which in light of the whole record must be regarded as inextricably related to his present psychiatric difficulties, the deputy was not bound in all events to find a discrete relationship between the compensa-ble injury and Ackel’s present emotional condition. Nor is new countervailing psychiatric testimony required to support the denial of the modification petition. No sufficient showing having been made that Ackel is entitled to modification as a matter of law, the deputy’s order is
AFFIRMED.
MILLS and SHIVERS, JJ., concur.