424 So.2d 68 (1982)
THATCHER GLASS COMPANY and Underwriters Adjusting Company, Appellants/Cross Appellees,
v.
Luvenia JOSEPH, Appellee/Cross Appellant.
No. AJ-96.
District Court of Appeal of Florida, First District.
December 14, 1982.
Rehearing Denied January 11, 1983.
*69 Barbara J. Paulson, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants/cross appellees.
William M. Holt, of Chilldon & Chilldon, P.A., Tampa, for appellee/cross appellant.
McCORD, Judge.
By this appeal the employer/carrier argue that the deputy commissioner erred in granting the claimant's petition for modification on the basis of a change in condition. We agree and reverse.
In April of 1977 and February of 1978, claimant sustained two compensable injuries to her left shoulder and back, respectively. An order was entered on May 30, 1980, finding that she had a 6% permanent partial impairment of the body as a whole from the shoulder injury and a 7% permanent partial impairment of the body as a whole from the back injury. However, the deputy specifically found that she had no permanent impairment on a psychiatric basis as a result of these two injuries.
Claimant subsequently filed a petition for modification alleging a change in condition on a psychiatric basis and seeking additional temporary total disability payments. In agreeing with claimant's contention, the deputy relied upon the testimony of a psychiatrist, Dr. Fesler, who felt that she was totally disabled on a psychiatric basis. Specifically, he opined that she was suffering from severe depression that was an outgrowth of her compensable injury. However, he admitted that his psychiatric analysis was based upon the same complaints given to another psychiatrist, Dr. Forman, whose opinion was the basis of the deputy's prior conclusion that she had suffered no permanent impairment on a psychiatric basis.
Section 440.28, Florida Statutes, provides for a modification of a previous compensation order on the ground that the claimant's condition has materially changed since the entry of the previous order.
The change of condition provision is designed to afford relief to a claimant whose condition either becomes progressively worse when not anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial claim proceeding.
General Elect. Co. v. Osborne, 394 So.2d 1089, 1090 (Fla. 1st DCA 1981). Thus, it must be shown by new and positive evidence that the claimant's condition has changed so that the conditions which were the foundation of the prior order no longer operate. Here, Dr. Fesler's testimony did not show that the underlying conditions for Dr. Forman's evaluation had changed. On the contrary, Dr. Fesler agreed that her complaints were the same as previously given. Accordingly, Fesler's testimony regarding claimant's present psychiatric condition represents but a difference of opinion with the previous evaluation. Further, the organic evaluation of her treating orthopedic physician, Dr. Eckart, remains the same, i.e., that she may return to work without any physical restrictions and/or limitations. There being no competent, substantial evidence of a change in condition, the deputy's order must be REVERSED.
BOOTH, J., concurs.
WENTWORTH, J., dissenting and concurring in part.
WENTWORTH, Judge, dissenting and concurring in part.
I respectfully disagree and would find the modification order to be supported by competent evidence which is not merely *70 cumulative in character. The current psychiatric testimony does not in my opinion establish or concede that claimant's earlier symptoms were identical in scope, but permits instead the deputy's apparent conclusion that conditions evidenced at the first hearing had changed significantly in the degree to which claimant's functioning was affected.
As to the cross appeal, I agree that the deputy could properly deny an order for continuing temporary total disability compensation, because such benefits are not ordinarily assessable in futuro. The order is obscure, however, in predicating denial on "anticipated improvement after the hearing." I would note the speculative character of that reference, as well as the problems inherent in evaluation of medical opinion, such as in this case, that a claimant is "as good as she's going to get until her case is settled." Cf., Bryant v. Elberta Crate, 156 So.2d 844 (Fla. 1963); Johnny's Welding Shop v. Eagan, 143 So.2d 470 (Fla. 1962); Maffitt v. Henderson's Portion-Pak, Inc., 132 So.2d 410 (Fla. 1961); Tampa Ship Repair & Dry Dock Co., Inc. v. Director, Office of Workers' Compensation Programs, 535 F.2d 936 (5th Cir.1976).