McCORD, Judge.
Appellant, employer, appeals the deputy commissioner’s order granting appellee’s petition for modification based on a change in condition and directing appellant to pay costs and appellee’s attorney’s fees. We reverse.
The deputy commissioner relied upon the testimony of Dr. Peter B. Dunne in reaching his conclusion that appellee had suffered a change in condition sufficient to support a modification. He thereupon changed appellee’s permanent disability rating from 18 percent to 20 percent. Appellant had already paid permanent disability benefits in excess of 20 percent. Therefore, no further compensation was due as a result of the modification.
Dr. Dunn’s testimony does not support a finding that there has been a substantial change in condition that was not anticipated at the time of the original diagnosis. In his testimony, Dr. Dunne stated several times that appellee’s condition had not substantially changed and that at the time of the original diagnosis, he knew that the changes that had occurred very possibly would occur. Compare General Electric Company v. Osborne, 394 So.2d 1089 (Fla. 1st DCA 1981), in which the court stated:
The change of condition provision [Section 440.28, Florida Statutes] is designed *572 to afford relief to a claimant whose condition either becomes progressively worse when not anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial claim proceeding. (Citations omitted.)
Because no substantial change in condition was proven, the award of attorney’s fees and costs is also reversed.
REVERSED.
BOOTH and WENTWORTH JJ., concur.