WIGGINTON, Judge.
Adey appeals the deputy commissioner’s order denying his petition for modification. We reverse and remand.
On September 13, 1976, Adey injured his lower back in a work related accident. He underwent surgery in 1978 and subsequently moved to Ohio. In January, 1980, Deputy Commissioner Masterson entered an order, finding that Adey’s condition had remained stable since 1978 and awarding him 25 percent permanent partial disability ben *45 efits. According to Adey s testimony, after entry of that award, his back pain gradually worsened and he had to seek emergency treatment in Ohio in October, 1980. In February, 1981, he filed a petition for modification claiming temporary total disability from October, 1980, medical authorization, payment of medical bills incurred since that date, and greater permanent partial disability benefits or permanent total disability benefits.
To support his petition, Adey submitted the reports and deposition of Dr. Knell, his treating physician in Ohio, who performed surgery on his back in July, 1981. According to Dr. Knell, a comparison of a myelo-gram taken on November 3, 1980 with one taken in July, 1981 showed a further narrowing of the subarachnoid space from L-2 to S — 1 which, according to the doctor who performed the test and Dr. Knell, was most likely due to the combined effect of’ disc degeneration and extensive scarring and adhesions which, in Dr. Knell’s opinion, were related to the previous surgery. Thus, the objective medical evidence showed that Adey’s back condition had worsened since at least November, 1980.
In January, 1982, Deputy Commissioner Murphy entered an order denying with prejudice Adey’s petition for modification, stating only that the parties had declined to furnish a record of the prior proceedings in this case. In July, 1982, this Court reversed that order and remanded to the deputy to either elucidate his reasons for denying the petition or to make sufficient findings of fact and conclusions of law based upon the record before him. Adey v. Frank Dawson Motor Sales, et al., 417 So.2d 1061 (Fla. 1st DCA 1982).
Responding to this court’s mandate, the deputy commissioner entered the present challenged order on December 6, 1982 stating that “the evidence supporting the alleged change of medical condition was predicated largely on an alleged change in the claimant’s complaints and symptoms between the time of the hearing before me and the hearing before my predecessor.” The deputy recognized that the reporter at the original hearing was unable to find the notes on the hearing and therefore no transcript of the original hearing was available. He denied the petition, stating that “absent the claimant’s prior testimony and complaints and symptoms,” he found no substantial competent evidence to support it.
In our view, Adey has satisfied his burden on modification of showing a change in his medical condition since entry of the original order. He has presented objective and uncontradicted medical testimony, including test results and the doctor’s findings upon further surgery, showing that his condition has worsened during the time in question. Conclusive evidence of Adey’s prior symptoms and complaints as compared to his present symptoms and complaints is unnecessary in light of the fact that he has otherwise shown a change of condition through medical evidence. Consequently, the deputy commissioner erred in denying the petition for modification. We reverse the order denying the petition for modification and remand to the deputy commissioner for further proceedings consistent herewith and to determine the amount of benefits to which Adey is entitled on modification.
REVERSED AND REMANDED.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.