ERVIN, Chief Judge,
concurring in part and dissenting in part.
I concur in the majority’s affirmance of the issue raised on appeal but respectfully disagree with its decision to reverse the deputy’s finding of a causal relationship between the industrial accident and claimant’s neck injury.
As the majority’s opinion observes, the record reveals no evidence that the original order was based on consideration of any testimony concerning a neck injury. I do not assume, however, it necessarily follows that “there is no evidence that there has been a change in condition that would warrant a modification concerning the neck injury because there is no evidence of the extent, if any, of a neck injury at the time of the initial hearing.” Ante at 352. To the contrary, this court has previously recognized that “[t]he change of condition provision applies to those cases in which, at the time of the initial order, claimant failed to show the true extent of the injury either because it was not known or had not manifested itself in sufficient degree to be subject to proof.” General Electric Company v. Osborne, 394 So.2d 1089, 1090 (Fla. 1st DCA 1981) (e.s.).
Claimant sustained an injury to his lower back on September 3, 1975, for which he was awarded compensation by an order entered on August 14, 1980, without reference to any neck injury. The evidence presented in support of his petition to modify, to enable him to receive additional benefits, included the testimony of an orthopedic surgeon, Dr. Brandon, who began treating claimant for his back injury on November 11, 1980, and who testified that in December of 1981, claimant then developed a new complaint of neck pain. As the majority has stated, Dr. Brandon opined that the neck injury was causally related to the industrial accident. This opinion was based upon his history, examination and findings. As a consequence of these considerations, Dr. Brandon placed a 30% permanent impairment rating, based upon the AMA Guides, on claimant’s injuries, including those to both his neck and back. The claimant has presented objective, uncontro-verted medical testimony that his condition had worsened since the original order due to the later manifestation of neck pain, and in my view has satisfied his burden of *354 demonstrating a change in condition. See, e.g., Adey v. Frank Dawson Motor Sales, 440 So.2d 44 (Fla. 1st DCA 1983). Accordingly, I believe that the deputy’s finding of the existence of a causal relationship between the industrial accident and the neck injury is supported by competent, substantial evidence and I would affirm that determination.