MILLS, Judge.
In this workers’ compensation action, Aeree Oil Company and Casualty Reciprocal Exchange (E/C) appeal from the deputy commissioner’s order granting Peterson’s petition for modification.
The E/C contend that the deputy’s modification of physical impairment based on loss of wage earning capacity is not supported by competent substantial evidence and that she erred in finding that Peterson conducted an adequate work search. We agree and reverse.
On 2 February 1973, while loading oil trucks with fuel, Peterson slipped on a loading platform causing injury to his neck and right shoulder. He received payment for permanent partial disability on a rating of 19 percent to the body as a whole on his original claim. This was followed by another claim requesting a determination of loss of wage earning capacity. The deputy denied this claim by his order of 15 July 1982.
Peterson continued to seek treatment from various physicians and on 6 December 1983 was seen by Dr. Tweed, a neurosurgeon, whom he had earlier consulted in December of 1978. On this date, Dr. Tweed determined that Peterson had undergone a substantial change in his condition. Thereafter, Peterson filed a petition to modify the July 1982 order.
The deputy, after considering the testimony of Peterson and Dr. Tweed, found that a substantial change in Peterson’s condition had occurred from a neurological standpoint, and granted an increase in permanent partial disability benefits to 25 percent based on loss of wage earning capacity-
The change of condition provision in Section 440.28, Florida Statutes (1981), is designed to afford relief to the claimant whose condition becomes progressively worse than anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial proceedings. Soloff v. U-Totem, Inc., of Broward, 257 So.2d 31 (Fla.1972); General *348 Electric Co. v. Osborne, 394 So.2d 1089 (Fla. 1st DCA 1981).
In the instant case, no evidence other than that considered in the July 1982 order was presented and Peterson’s present condition was anticipated by the original diagnosis.
The only medical witness presented, Dr. Tweed, stated that he had no evidence to show that the physical findings on 6 December 1983 would have been any different than those physical findings that may have existed on 15 July 1982. Moreover, the record reveals that the diagnosis made by Dr. Tweed in 1978 was very similar to that made in 1983. Therefore, Dr. Tweed’s testimony, although coupled with Peterson’s assertions of increased pain, did not provide the deputy with the competent and substantial evidence necessary to sustain his award. See, Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
In order to show a loss of wage earning capacity, claimants must affirmatively demonstrate a good faith effort to obtain employment within their physical limitations. Mahler v. Lauderdale Lakes, 322 So.2d 507 (Fla.1975).
For the time period of July 1982 until 1983, Peterson was only able to specify 14 businesses contacted for employment and could provide no dates for these applications. Further, it was admitted that no attempts had been made to locate work in 1984.
The work search requirement imposes upon the claimant a continuing duty to test his or her earning capacity in the open labor market. Pan Am Tobacco Corp. v. Brown, 416 So.2d 1211 (Fla. 1st DCA 1982).
The limited effort on the part of Peterson does not satisfy the work search requirement.
REVERSED.
JOANOS and BARFIELD, JJ., concur.