494 So.2d 519 (1986)
WESTWINDS TRANSPORTATION, INC., and the Claims Center, Appellants,
v.
Thomas MURPHY, Appellee.
No. BI-1.
District Court of Appeal of Florida, First District.
September 18, 1986.
*520 Robert G. Brightman of B.C. Pyle, P.A., Orlando, for appellants.
L. Mark Kaylor of Kaylor & Kaylor, Winter Haven, for appellee.
MILLS, Judge.
Westwind Transportation, Inc. and the Claims Center (E/C) appeal from an order of the deputy commissioner (D/C) granting Murphy's petition for modification and awarding him temporary total disability (TTD) benefits. Murphy cross-appeals, alleging that the D/C erred in reducing the TTD award by 25% based on a finding that 25% of the disability was attributable to an industrial injury suffered while employed by a different employer, with whom Murphy had already settled his claim. We affirm both appeals.
Murphy injured his lower back in 1979 while employed by Scotty's, Inc. His claim therefor was settled in 1982 for $25,000. Murphy then accepted employment with the E/C as a semi-truck driver. In February 1983, Murphy injured his neck and shoulder when the truck he was driving overturned, ejecting him onto the pavement. The E/C paid TTD benefits until 29 June 1983. Murphy's claim for further TTD benefits was denied by order of 21 October 1983, based on the testimony of Murphy's physician, Dr. Cottrell, that he had reached MMI on 29 June 1983 with no permanent impairment.
Murphy's first petition for modification of this award, based on an alleged change in condition and/or mistake in the determination of a fact, was heard in June 1984. The petition was denied, based on Murphy's testimony that his pain had not increased since the initial hearing and on a second *521 deposition of Dr. Cottrell, in which he testified that his treatment of Murphy since the hearing had been palliative only.
The second petition for modification, at issue herein, was filed in January 1985, and was again based on an alleged change in condition and/or mistake of fact. It alleged specifically that the earlier orders were founded on the testimony of Dr. Cottrell, who, at the time of the hearings and during Murphy's treatment, was himself suffering severe illness. Because of that illness, Dr. Moeller began sharing in Murphy's treatment in January 1984 and became his primary treating physician in November 1984.
After November 1984, Dr. Moeller referred Murphy to a psychiatrist, Dr. McClane, for evaluation, as well as to Dr. Earp, an orthopedist. McClane psychiatrically evaluated Murphy on 10 December 1984 and found him TTD at that time, based on physical trauma complicated by psychological factors. Alleging that this new evidence showed that Cottrell had been factually mistaken in setting MMI at 29 June 1983, Murphy sought modification of the order to find that he had not yet reached MMI from the February 1983 injury.
At issue at the January 1985 hearing on the second petition was whether the earlier factual determination of MMI was erroneous or, in the alternative, if that determination was correct, whether Murphy's condition had substantially changed since June 1983 so that he was no longer MMI. In his June 1985 order, the D/C found that the establishment of 29 June 1983 as the date of MMI was a mistake in factual determination, as it was based on the testimony of Dr. Cottrell who, due to his own illness, "was mistaken in his medical opinion or did not anticipate or diagnose the developing psychiatric condition." The D/C proceeded to award TTD benefits from 29 June 1983 to the present and continuing.
The D/C also found, however, that 25% of Murphy's psychiatric condition was attributable to the 1979 industrial accident suffered while employed by Scotty's. In a separate order, Scotty's was held responsible for 25% of all medical care and treatment, including psychiatric treatment, incurred subsequent to the second accident. The instant order noted that Murphy would, however, be due no money benefits from Scotty's, having settled his claim against it in 1982. This holding effectively reduced the TTD benefits awarded by 25%.
Section 440.28, Florida Statutes (1985), provides that "upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may ... review a compensation case ... and ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation" (emphasis supplied). We find that modification was properly granted herein, but not for the reason stated by the D/C, who based his finding on a "mistake in the determination of a fact."
Modification of a previous order based on a mistake of fact requires the presence of evidence which is not merely cumulative, that is, the evidence must do more than add to or controvert evidence already taken and considered by the deputy. McKenney v. School Board of Palm Beach County, 408 So.2d 655, 657 (Fla. 1st DCA 1981). Modification cannot be granted merely because different facts presented to the judge might have produced different results. City of Vero Beach v. Thomas, 388 So.2d 1374, 1376 (Fla. 1st DCA 1980). In this case, the evidence presented by Murphy at the modification hearing simply tended to show that he had not reached MMI on 29 June 1983 as previously testified by Dr. Cottrell. This merely controverts Cottrell's testimony and is therefore cumulative; it cannot support a modification based on a mistake of fact.
The D/C also found a mistake of fact based on Cottrell's alleged mistake, due to illness, regarding the date of MMI. However, it is clear that the mistaken factual determination must be one committed *522 by the deputy, not merely an erroneous conclusion by one of the claimant's witnesses. Sauder v. Coast Cities Coaches, Inc., 156 So.2d 162, 164 (Fla. 1963); Hohenstein v. Jim Wilson Construction Co., 451 So.2d 964, 965 (Fla. 1st DCA 1984). An exception to this rule was stated in Hughes v. Denny's Restaurant, 328 So.2d 830 (Fla. 1976), but was strictly limited to instances where the state of the medical art has advanced to the point that new evidence becomes available which was not and could not have been previously known. Hughes at 834. The Hughes exception does not operate herein to validate the D/C's finding of mistake of fact.
The change of condition provision of Section 440.28 is designed to afford relief to a claimant whose condition either 1) becomes progressively worse when not anticipated by the original diagnosis or 2) is the product of evidentiary factors not known at the time of the initial claim proceeding. Thatcher Glass Co. v. Joseph, 424 So.2d 68, 69 (Fla. 1st DCA 1982); Acree Oil Co. v. Peterson, 467 So.2d 346, 347 (Fla. 1st DCA 1985). While cumulative evidence serves no purpose in mistake of fact cases, the rule against such evidence is uniquely applicable to such cases, not to those based on a change of condition. Flesche v. Interstate Warehouse, 411 So.2d 919, 923 (Fla. 1st DCA 1982). Therefore, the medical testimony herein found cumulative with regard to mistake of fact can provide competent, substantial evidence of a change in condition.
While we find no evidence that Murphy's injuries became unexpectedly progressively worse, we do find that he demonstrated an impairment either not known or insufficiently manifested at the initial order to be subject to proof, which impairment is causally related to the injuries suffered. Robinson v. JDM Country Club, 455 So.2d 1077, 1079 (Fla. 1st DCA 1984). Although Dr. Cottrell had available a November 1983 report from Dr. Earp recommending psychiatric evaluation, he did not follow up on that report so that the possible effect of a psychiatric condition on Murphy's physical problems could be proven at the initial hearing. It was only after Dr. Moeller assumed Murphy's care in November 1984 after Cottrell fell ill that the possibility of a psychiatric problem was pursued and expert opinions obtained. The medical evidence adduced below was, in our opinion, "new and positive evidence that the claimant's condition had changed so that the conditions which were the foundation of the prior order no longer operated." Thatcher Glass at 69. The modification granted herein is affirmed.
The only ground stated by Murphy for reversal of the D/C's reduction of his money benefits was that the underlying apportionment of responsibility for the psychiatric condition between Scotty's and E/C was erroneous. This court affirmed that underlying apportionment in Scotty's Ins. Co. v. Murphy, 489 So.2d 741 (Fla. 1st DCA 1986). Because Murphy has failed to demonstrate any error, the action appealed is affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.