PER CURIAM.
In this worker’s compensation case, appellant, Judith Starkman, personal representative of claimant Edward Stacey, deceased, challenges the July 5, 1990 order of the judge of compensation claims (JCC) denying Mr. Stacey’s petition for modification of the JCC’s order of June 28, 1988 which found Mr. Stacey not to be permanently and totally disabled (PTD). Because we *305 find competent, substantial evidence to support the JCC’s conclusion that claimant Stacey had not suffered a material change of condition, we affirm the JCC’s finding that claimant was not PTD and the JCC’s denial of the petition for modification.
Appellant argues that the JCC erred in requiring claimant to meet an inappropriate burden of proof in two respects: (1) by requiring that claimant prove his change of condition by clear and convincing evidence; (2)by requiring that the petition for modification be supported by an unanticipated worsening of claimant’s condition. With respect to the first claim, although the JCC’s order employed the phrase “clear and convincing evidence,” the context in which the phrase was used does not indicate such a burden was imposed on the claimant. Rather, when read in its entirety, the order clearly imposed upon the claimant the correct burden, that of showing claimant’s change of condition by the greater weight of competent, substantial evidence. See Soloff v. U-Totem, Inc. of Broward, 257 So.2d 31, 32 (Fla.1971) (quoting Sauder v. Coast Cities Coaches, Inc., 156 So.2d 162, 165 (Fla.1963)).
We write principally to clarify a point of law with respect to appellant’s second claim. A number of prior decisions of this court have held that the change of condition provision of Section 440.28 Florida Statutes is designed to afford relief to a claimant whose condition either becomes progressively worse when not anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial claim proceeding. Westwinds Transp., Inc. v. Murphy, 494 So.2d 519 (Fla. 1st DCA 1986); Acree Oil Co. v. Peterson, 467 So.2d 346 (Fla. 1st DCA 1985); Thatcher Glass Co. v. Joseph, 424 So.2d 68 (Fla. 1st DCA 1982); City of Tampa v. Morales, 423 So.2d 571 (Fla. 1st DCA 1982); General Electric Co. v. Osborne, 394 So.2d 1089 (Fla. 1st DCA 1981). The aforementioned cases should not be construed to impose the requirement that a material change of condition be unanticipated in order to support an order for modification. Such a rule would be inconsistent with the earlier pronouncement of the Florida Supreme Court:
The so-called change of condition provision is available to bring relief to a claimant whose condition becomes progressively worse even though not anticipated by the original diagnosis.
Soloff, 257 So.2d at 32 (emphasis added) (quoting Sauder, 156 So.2d at 165).
The above rule, originating in Sauder, does not preclude an order of modification where the claimant’s substantially changed condition, though anticipated, was not taken into consideration in the rendition of the prior order. It is more accurately stated that even an anticipated substantial or material change of condition will support an order for modification where there exists new and positive evidence that the claimant’s condition has changed so that the conditions which were the foundation of the prior order no longer operate. See Westwinds, 494 So.2d at 522 (citing Thatcher Glass, 424 So.2d at 69).
In the instant case, the determination that claimant had not undergone a substantial change of condition obviated the need to consider whether the JCC imposed an incorrect legal standard by requiring that the petition for modification be supported by an unanticipated worsening of claimant’s condition.
AFFIRMED.
SMITH and MINER, 33., and WENTWORTH, Senior Judge, concur.