THOMAS, Justice.
This is the second appearance of this controversy in this court. Our opinion in the first appeal is recorded in 155 So.2d at page 865. Following the ruling in that case, that the claim having been dismissed with allowance only for medical expenses, drugs and transportation costs, a further award was improper except on petition under F.S.A. Sec. 440.28 of Workmen’s Compensation Law on the ground that there had been a mistake of fact or, a change of condition.
Pursuant to that decision the claimant filed a petition for modification on the ground that there had been a change in her condition justifying increased compensation and medical benefits. The deputy commissioner ruled in her favor but upon review the Full Commission reversed because of their conviction that the ruling was not supported by competent substantial evidence according with logic and reason.
The gist of the claimant’s position in the present appeal, to quote from claimant’s brief, is “that the pain she suffered from was of the same nature and in the same area [as before] but worse in intensity.” Her testimony in support of the contention that a change of condition had occurred is weak indeed. And there appears no other testimony to supply its deficiencies. For instance, she testified “The pains seem to be worse than they were when I was here before. But I have the same type of pains, only more.” And, again, she said “I was having the pain everyday but they [sic] didn’t seem to be as bad as they are now.”
These quotations are relied upon to invoke the rule that the deputy’s conclusions will withstand assaults upon them since he is the undisputed trier of the facts. Although his province may not be invaded by the Full Commission simply because that body chooses a different interpretation of the facts developed before the deputy the unseverable restriction remains, i. e., that the testimony he chooses must be competent, substantial, logical and reasonable.
The burden of proof to show a change of condition was put upon the claimant, Nix v. Merrill-Stevens Dry Dock and Repair Co., Fla.App., 107 So.2d 616, and she did not sustain it by testimony of the quality specified in United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951).
It is our conviction that the order of the Full Commission dismissing the claim for modification should be—
Approved.
THORNAL, C. J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.