OVERTON, Justice.
This is a petition for certiorari to review an order of the Industrial Relations Commission affirming a dismissal by a judge of industrial claims of a petition for modification. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const. (1972).
The petitioner suffered an industrial accident in 1973, which resulted in a laminecto-my and the removal of a disc. In 1977 petitioner received a permanent partial disability award based in part upon the opinion of his physician that he had a fifteen percent bodily impairment. The testimony of the physician reflected that the petitioner had reached a plateau and that the physician did not anticipate any deterioration or improvement.
Petitioner subsequently sought modification of the initial award on the basis of his deteriorating physical condition and lack of success in obtaining any employment. He stayed under the constant care of the original treating physician, and his treatment included various types of drugs and physical therapy. His physician testified that petitioner’s condition had in his opinion deteriorated and that the deterioration he had observed was related to the increased pain as expressed to him by the petitioner. He increased his rating to a twenty percent impairment, compared to an original fifteen percent impairment. There was no other demonstrable, objective findings of a change in condition. The judge dismissed the petition, finding:
I find the increased rating was based on increase in the intensity of pain. An increase in the intensity of pain alone, is insufficient to support a Petition for Modification on the ground of a change in condition. See Advance Manufacturing Co. v. Griffin[,] I.R.C. Order 2-8638 (12-21-78).
Petitioner argues that the judge failed to properly apply the holding of Griffin and the underlying case of Cheathem v. The Fruit Bowl, Inc., 184 So.2d 171 (Fla.1966), asserting that the judge extended the evi-dentiary standard expressed therein to a rigid requirement of objective manifesta *292 tions without proper consideration of the treating physician’s observations and evaluation. We agree.
In our view, Griffin and Cheathem stand for the principle that the testimony of a claimant, standing alone, as to increased intensity of pain, is insufficient to establish a change of condition. This principle flows from the following language in Cheathem :
The gist of the claimant’s position in the present appeal, to quote from claimant’s brief, is “that the pain she suffered from was of the same nature and in the same area [as before] but worse in intensity.” Her testimony in support of the contention that a change of condition had occurred is weak indeed. And there appears no other testimony to supply its deficiencies.
184 So.2d at 172. In our opinion, this does not mean that increased pain may not produce an externally observable manifestation which, when it is established by competent medical evidence, is “other testimony.” Although the requested modification was based upon an increase in the intensity of pain, we find it incorrect to conclude that the claim was based solely upon claimant’s testimony in light of the depositions of his physician as to increased dfug prescriptions, physical therapy, and the actual observation of the claimant’s condition over an extended period.
We find that there was sufficient evidence in the instant case of an actual deterioration of the claimant’s physical condition. Further, there was competent medical testimony to establish that this deterioration was caused by the increased pain produced from the original injury. The record also reflects that this deterioration was not originally anticipated by the treating physician or in the initial disability award.
In our view the opinion of the treating physician in this case was not based wholly upon the subjective symptoms of pain related to him by the claimant, and we hold that the medical testimony in this record is sufficient to require the trier of fact to make a determination concerning the asserted change in condition upon the merits and not dismiss the claim on the basis of Griffin or Cheathem.-
The order of the Industrial Relations Commission is reversed, and this cause is remanded to the deputy commissioner for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, BOYD, ALDERMAN and MCDONALD, JJ., concur.
SUNDBERG, C. J., and ENGLAND, J., concur in result only.