414 So.2d 596 (1982)
Charles R. BISHOP, Appellant,
v.
PINELLAS FRAMING & FINISHING and Liberty Mutual Insurance Co. (1) and Current Builders, Inc., and Fireman's Fund Insurance Co. (2), Appellees.
No. AF-402.
District Court of Appeal of Florida, First District.
May 26, 1982.
*597 Peter H. Dubbeld of Watson, Goldstein, Earle, Douglass & Dubbeld, P.A., St. Petersburg, for appellant.
Susan R. Whaley and Richard D. Senty of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellees Pinellas Framing and Liberty Mut. Ins. Co.
Robert M. Todd of Lyle & Skipper, P.A., St. Petersburg, for appellees Current Builders, Inc. and Fireman's Fund Ins. Co.
PER CURIAM.
Claimant suffered compensable industrial injuries on October 17, 1969, and October 10, 1977. On August 27, 1980, an order was entered by the deputy commissioner awarding permanent partial disability benefits for a 30% disability to the body as a whole. Although claimant had been treated for psychiatric problems prior to the hearing, no claim was made that the problems were caused by the industrial accidents, and the issue was not addressed by the deputy in his order. In January of 1981 the claimant began seeing Dr. Fireman, and for the first time became aware that his psychiatric problems might be attributable to his industrial accidents. On January 5, 1981, he filed a claim for psychiatric treatment. The employer/carrier defended on the ground that the claim for psychiatric attention filed subsequent to the 1980 order must be brought by way of a petition to modify pursuant to section 440.28, Florida Statutes (1977).
We note that when the August 27, 1980, order was entered the claimant was suffering from a psychiatric disability for which he chose not to make a claim. It is his position that, until he visited Dr. Fireman in January of 1981, he had no basis upon which to associate his psychiatric disabilities with his industrial accident. Upon being informed by Dr. Fireman that there was a causal connection between the accidents and the psychiatric problems, the claimant made his initial claim for psychiatric treatment. The claimant's argument has a degree of logic, but it runs counter to the basic legal concept that the law frowns upon piecemeal litigation. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982). We recognize that in workers' compensation cases rules are relaxed. Nevertheless, we agree with the deputy commissioner that when a date of maximum medical improvement has been established and permanent disability awarded, additional claims for benefits and medical attention must be made by way of a 440.28 petition for modification. The statute allows the previous order to be modified upon the initiative of the deputy commissioner or upon the petition of any interested party, provided the deputy finds that there has been a change of condition or a mistake of fact. Relief should not be denied because the petition is mislabeled as a claim or does not take a given form. If it is clear from either the petition, or the evidence adduced at the hearing, that the claim for additional benefits is the proper subject for a modification hearing, and the employer/carrier is not prejudiced by the mislabeling, the deputy should upon his own initiative treat the hearing as one for modification. However, even according this claimant such latitude, the deputy properly denied the request for additional medical attention. The letter asserts neither a change of condition nor a mistake of fact, and the proof adduced by the claimant established neither. Claimant was having psychiatric problems both prior to and after the August 27, 1980, order. The only difference is that the psychiatrist who was treating him prior to the order failed to establish the causal connection with the injury that the second psychiatrist found. We conclude that the deputy commissioner correctly denied the new claim for additional benefits and that claimant's proof failed to establish a basis for modification.
AFFIRMED.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.