SHIVERS, Judge.
The employer/carrier in this workers’ compensation case appeal the deputy commissioner’s order granting claimant’s Petition for Modification and directing that claimant receive continuing medical treatment from Dr. Michael Gutman. We affirm.
First, we find and hold that the medical testimonies of Drs. Gutman and Blood, together with the testimony of claimant and claimant’s medical records, provide competent, substantial evidence upon which the deputy could find that claimant developed psychiatric problems that were not known, or that had not manifested themselves in sufficient degree, to be subject to proof at the time of the initial order, i.e., a change of condition, and that these problems were causally related to the industrial accident. See General Electric Co. v. Osborne, 394 So.2d 1089 (Fla. 1st DCA 1981). Next, we find and hold that the deputy did not abuse his discretion in ordering that claimant receive treatment from the date of hearing forward from claimant’s unauthorized, treating physician, Dr. Gutman, since there is competent, substantial evidence showing good cause why claimant should remain under the successful treatment of Dr. Gutman, as opposed to the treatment offered by the employer/carrier. See section 440.13(2), Florida Statutes (1981) (providing, in pertinent part, that “a deputy commissioner may at any time, for good cause shown, in the deputy commissioner’s discretion, order a change in such remedial attention, care, or attendance.”); Robinson v. Howard Hall Company, 219 So.2d 688, 691 (Fla.1969).
The deputy reserved jurisdiction for the determination of a reasonable attorney’s fee. We interpret this reservation to be whether a fee should be awarded, and if so, its reasonableness.
The deputy’s order is AFFIRMED.
MILLS and WIGGINTON, JJ., concur.