455 So.2d 1077 (1984)
Robert Lee ROBINSON, Appellant,
v.
JDM COUNTRY CLUB and Corporate Group Service, Appellee.
No. AV-406.
District Court of Appeal of Florida, First District.
September 5, 1984.
Harry Goodmark of Goodmark & Goodmark, West Palm Beach, for appellant.
Harry D. Robinson, West Palm Beach, for appellee.
JOANOS, Judge.
This is an appeal from the deputy commissioner's order denying wage loss benefits, transportation costs, payment of medical bills, attorney's fees, and costs. The deputy commissioner denied the claim on the grounds that claimant failed to petition for modification as provided by Section 440.28, Florida Statutes (1979), and that the evidence failed to establish a change of condition. We reverse.
On September 2, 1981, claimant suffered an industrial accident which resulted in an injury to his back and kidney. An order was entered February 25, 1982, awarding temporary partial disability benefits through the date of maximum medical improvement, together with interest and penalties. The deputy commissioner accepted the opinion of claimant's treating physician that claimant would reach maximum medical improvement on December 16, 1981, and that claimant sustained no permanent impairment under the American Medical Association Guidelines as a result of the industrial injury.
A hearing was held September 9, 1983, on the claim which is the subject of this appeal. On this second claim appellant sought temporary total and/or temporary partial disability benefits or in the event of a finding that claimant had reached maximum *1078 medical improvement, claim was made for wage loss benefits. Claimant had not sought wage loss benefits in his prior claim.
Claimant's former treating physician testified that he first examined claimant in September 1981, shortly after claimant sustained his industrial injury. In September 1981 Dr. Dolce, treating physician, was deauthorized, but claimant continued to go to him until January 29, 1982. Following this deauthorization of Dr. Dolce, claimant was placed under the care of Dr. Matuszak. Dr. Matuszak, who was still treating claimant at the time of the 1983 hearing, prescribed medication, physical therapy, and a back brace. Dr. Dolce, claimant's initial treating physician, examined claimant again on August 28, 1983. Pursuant to this examination, Dr. Dolce found that claimant had reached maximum medical improvement with a 10% permanent partial disability or the body as a whole, based on the American Medical Association Guidelines. In Dr. Dolce's opinion, claimant's present condition is related to the industrial injury of September 2, 1981. Dr. Dolce testified that he had reviewed the medical reports of claimant's second treating physician, and that those medical reports corroborated his own findings. The restrictions placed on claimant's activities included the avoidance of lifting, pushing, pulling, long standing, long walking, and climbing stairs.
Claimant obtained employment with a nursery and landscaping firm. His supervisor was unaware of claimant's back problems at the time claimant was hired. He discovered claimant's problems through his own observations, and because claimant occasionally went to him with complaints of pain. Because claimant was a good and willing worker, his supervisor provided claimant with light work, and assigned the duties he had hired claimant to perform to other workers.
Claimant testified that the only work he can now perform is picking up paper with a stick and watering plants. He is unable to trim hedges, push a lawnmower, or bend to pick up paper. Although the physical therapy prescribed by Dr. Matuszak helped ease his pain somewhat, the relief was temporary and claimant's pain has continued.
It was the employer/carrier's position that no further benefits were due because an order had been entered in 1982 finding that claimant had reached maximum medical improvement in December 1981 with no permanent impairment, and no claim or petition for modification had been filed following entry of the 1982 order. Claimant took the position that Dr. Dolce's prior belief that there would be no permanent impairment had been shown to be error, and that employer/carrier knew that claimant's condition had worsened since Dr. Matuszak's treatment of claimant was at the instance of employer/carrier.
The deputy commissioner erred in denying the claim on the basis of claimant's failure to phrase his claim as a Section 440.28[1] petition for modification. "The statute allows the previous order to be *1079 modified upon the initiative of the deputy commissioner or upon the petition of any interested party, provided the deputy finds that there has been a change of condition or a mistake of fact." Bishop v. Pinellas Framing and Finishing, 414 So.2d 596, 597 (Fla. 1st DCA 1982), pet. for rev. dism. 419 So.2d 1195 (Fla. 1982). Here, the evidence adduced at the hearing demonstrated that the employer/carrier were fully cognizant of the worsening of claimant's condition and the continued treatment of that condition by Dr. Matuszak. The employer/carrier did not controvert the finding that claimant now has a 10% permanent partial impairment. Clearly the employer/carrier were not prejudiced by claimant's mislabeling of a claim that should have been construed as a petition for modification based on changed condition, therefore the deputy should have, upon his own initiative, treated the claim as a petition for modification. Id.
Modification is the statutory remedy provided for a claimant whose condition has changed following entry of a prior order. "The change of condition provision is designed to afford relief to a claimant whose condition either becomes progressively worse when not anticipated by the original diagnosis or is the product of evidentiary factors not known at the time of the initial claim proceeding." General Electric Co. v. Osborne, 394 So.2d 1089, 1090 (Fla. 1st DCA 1981). Accord: Thatcher Glass Co. v. Joseph, 424 So.2d 68, 69 (Fla. 1st DCA 1983). Although a claimant's testimony of increased pain, standing alone, is insufficient to constitute grounds for modification due to changed condition,[2] such grounds do exist when claimant's testimony is taken in conjunction with a doctor's testimony. Oglesby v. Southern Bell Tel. and Tel. Co., 397 So.2d 291 (Fla. 1981).
Claimant has demonstrated that his condition has worsened or deteriorated, i.e., he is now rated as having a 10% permanent partial impairment of the body as a whole as opposed to the 1981 finding of no permanent impairment. In addition, claimant has produced competent medical testimony that the deterioration was caused by increased pain from the original injury, and it is clear that this deterioration was not originally anticipated by his treating physician. Nor did Dr. Dolce, claimant's original treating physician, base his finding of a 10% permanent partial impairment solely on claimant's subjective complaints of pain. Rather, Dr. Dolce testified that he arrived at the 10% permanent impairment rating based on claimant's complaints of pain, taken together with the muscle spasm on claimant's right lumbar area, and the tenderness over the lumbar spines.
Claimant has presented unrefuted evidence of a changed condition. Therefore, it was incumbent upon the deputy commissioner to treat claimant's claim for wage loss benefits as a petition for modification of the prior order. Claimant demonstrated that he has a permanent impairment that was not known or had not manifested itself "in sufficient degree, to be subject to proof at the time of the initial order, i.e., a change of condition", and that this impairment was causally related to the industrial injury. Frito Lay, Inc. v. Anderson, 453 So.2d 135 (Fla. 1st DCA 1984). Here, there was no conflict between medical testimony and lay testimony, and no conflict between the evidence adduced by claimant's treating physicians. The deputy commissioner expressly rejected a finding that claimant's condition had significantly changed since his testimony at the 1982 hearing. Viewed in the light of Dr. Dolce's testimony that claimant now has a 10% permanent partial impairment, when at the prior hearing no impairment was found, the deputy commissioner abused his discretion in rejecting "uncontroverted medical testimony without *1080 a reasonable explanation." McCandless v. M.M. Parrish Construction, 449 So.2d 830 (Fla. 1st DCA 1984), citing Polk Nursery Co., Inc. v. Riley, 433 So.2d 1233 (Fla. 1st DCA 1983).
The deputy commissioner's order denying wage loss benefits is reversed and the cause is remanded for a hearing on the claim, with the claim being treated as a petition for modification.
ERVIN, C.J., and NIMMONS, J., concur.
NOTES
[1] Section 440.28, Florida Statutes (1979) provides:

440.28 Modification of orders.  Upon a deputy commissioner's own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and, if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner.
[2] East Manor Medical Care Center v. Stevens, 437 So.2d 721, 723 (Fla. 1st DCA 1983):

"As this court recently held, the claimant's own testimony as to increased pain and inability to do work `standing alone', is insufficient to establish a change in condition." Austin Co. v. Lindenberger, 410 So.2d 601, 602 (Fla. 1st DCA 1982), citing Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975), and Cheathem v. Fruit Bowl, Inc., 184 So.2d 171 (Fla. 1966).