456 So.2d 524 (1984)
Elizabeth McKENNEY, Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY and General Adjustment Bureau, Appellees.
No. AT-297.
District Court of Appeal of Florida, First District.
September 17, 1984.
*525 Timothy H. Kenney, of Kenney, Boswell & Kaufman, West Palm Beach, for appellant.
John Neil Buso, of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellees.
SHIVERS, Judge.
In this workers' compensation case, claimant appeals that portion of the deputy commissioner's order which denies her permanent disability benefits. The employer/carrier cross-appeal the deputy's award of temporary total disability benefits to claimant. We affirm the award of temporary total disability benefits and reverse and remand as to the permanent disability benefits.
The facts preceding the prior appeal of this case are set forth in McKenney v. School Board of Palm Beach County, 408 So.2d 655 (Fla. 1st DCA 1981). Briefly summarized, they are that claimant suffered a compensable accident on June 4, 1977. By order dated October 5, 1978, claimant was found to have reached maximum medical improvement on September 21, 1977, with no permanent disability. Claimant thereafter filed a petition for modification. On November 25, 1980, claimant's petition was granted and claimant was awarded temporary total disability benefits for the period of July 3, 1979, through January 8, 1980, and was found to have a 35% permanent partial psychological disability. On appeal, this court reversed the award of permanent partial disability benefits and affirmed the unappealed award of temporary total disability benefits, specifically finding sufficient evidence to support this latter award. This decision was released on December 29, 1981, rehearing was denied on February 5, 1982, and mandate was issued on February 23, 1982.
The facts surrounding the present appeal are that on December 30, 1981, claimant filed claim for temporary total disability benefits for the period of January 23, 1981, forward. On April 8, 1982, claimant filed a formally labeled petition for modification, again claiming temporary total disability benefits from January 23, 1981, forward, and, in addition, permanent disability benefits, determination of maximum medical improvement, rehabilitation, and medical benefits. Hearing was held on these matters on February 21, 1983.
At the February 21 hearing, the employer/carrier defended on the basis that there was no change in claimant's condition, that there had been no mistake of fact in the prior order, that claimant did not have a continuing disability, and that claimant did not have a disability related to the industrial accident. Claimant introduced medical, and her own testimony, that her physical condition had progressively deteriorated since the last hearing. Claimant also introduced medical testimony that there were positive findings of an increase in insertional activity in the right paraspinal muscles in claimant's lower back. This condition had not previously shown up on electromyograms conducted on claimant. Finally, claimant introduced medical testimony that she was 100% functionally disabled and that she would not be able to perform light work on an uninterrupted basis.
After this hearing, the deputy entered an order which noted that although jurisdiction on claimant's petition for modification was not raised by the employer/carrier, it was obscure and should be explained. Hearing was held on this jurisdictional issue on March 31, 1983. On May 18, 1983, the deputy entered the order on review.
*526 In his order, the deputy found: (i) that he did not have jurisdiction to again review by petition for modification a third attempt by claimant to obtain permanent disability benefits; (ii) that the petition for modification filed April 8, 1982, was untimely, since the last payment of temporary total disability compensation, including interest, paid under the November 1980 order, was made on February 26, 1980;[1] and (iii) that the December 30, 1981, claim for temporary total disability benefits constituted a petition for modification, and even though claimant was precluded from reclaiming permanent disability benefits, claimant was in a proper posture to litigate temporary disability benefits. The deputy found that claimant had demonstrated a material change for the worse and a continuation of temporary disability and, therefore, awarded claimant temporary total disability benefits for the period of January 23, 1981, to March 26, 1982.
First, we disagree with the deputy's finding that as a consequence of the previous denials of permanency benefits, claimant was foreclosed from requesting permanency benefits a third time. Absent from section 440.28, Florida Statutes, is any language which limits the number of times that a party in interest, or the deputy on his or her own volition, may modify a prior order, so long as the modification is timely.
Next, we disagree with the deputy's finding that claimant did not file a timely petition for modification as relates to claimant's request for permanency benefits. Here, claimant filed a claim for temporary total disability benefits on December 30, 1981, well within the two year period mandated by section 440.28.[2] Necessarily, this claim sought a modification of the deputy's prior order, since only by modifying the November of 1980 order could claimant be entitled to the benefits requested. See Washington v. Dade County School Board, IRC Order 2-3694 (1979); Sauls v. Fred Howland, Inc., 5 FCR 48 (1962) (the Florida Industrial Commission noting that there is no provision under the workmen's compensation law other than section 440.28 for a deputy to take jurisdiction and award additional workmen's compensation benefits where a prior order determining the merits in the cause has been entered by a deputy commissioner). This court has previously held that a claimant's letter requesting "a new hearing on my compensation case" was a sufficient claim to toll the statute of limitations until an amended claim was filed. Jenkins Electric v. Mayes, 393 So.2d 44 (Fla. 1st DCA 1981) (we take notice of the contents of the claimant's letter in Jenkins, see Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310, 313 (Fla. 1983)). Similarly, we find and hold that claimant's claim for temporary total disability benefits filed December 30, 1981, was a sufficient petition for modification to toll the statute of limitations until claimant's formally labeled petition for modification was filed specifically delineating all the benefits, including *527 permanency benefits, requested by claimant.
Moreover, we note that the employer/carrier did not argue that claimant had not filed a timely petition for modification as relates to permanency benefits until the deputy, sua sponte, after the initial hearing, raised this issue. This court has stated in Bishop v. Pinellas Framing & Finishing, 414 So.2d 596 (Fla. 1st DCA), petition for review dismissed, 419 So.2d 1195 (Fla. 1982):
Relief should not be denied because the petition [for modification] is mislabeled as a claim or does not take a given form. If it is clear from either the petition, or the evidence adduced at the hearing, that the claim for additional benefits is the proper subject for a modification hearing, and the employer/carrier is [sic] not prejudiced by the mislabeling, the deputy should upon his own initiative treat the hearing as one for modification.
Id. at 597. Here, the parties and the deputy conducted the February 21, 1983, hearing without mention that the claimant could not proceed on her claim for permanency benefits pursuant to her petition for modification. The employer/carrier defended against claimant's petition for modification on the grounds mentioned above. No defense was raised by the employer/carrier prior to or during the February 21 hearing, held some ten months after claimant filed her formal petition for modification on April 8, 1982, and some fourteen months after claimant filed claim for temporary total disability benefits, that the deputy lacked jurisdiction to consider claimant's claim for permanency benefits. Under these circumstances, we cannot see how the employer/carrier were prejudiced by the mislabeling of claimant's petition for modification as a claim for temporary total disability benefits.
Addressing the merits of claimant's petition for modification, we find competent, substantial evidence to support the deputy's finding that claimant demonstrated a material change for the worse and a continuation of temporary total disability. In this case, the medical testimony and the testimony of claimant provide sufficient evidence to support a finding of a change in condition and that claimant was temporarily totally disabled. See General Electric Company v. Osborne, 394 So.2d 1089 (Fla. 1st DCA 1981); cf. Walter Glades Condominium v. Morris, 393 So.2d 664, 665 (Fla. 1st DCA 1981). Accordingly, this portion of the deputy's order awarding temporary total disability benefits is affirmed.
We reverse and remand for determination by the deputy whether claimant is entitled to permanent disability benefits. Evidence was introduced on this point; however, due to the deputy's finding on jurisdiction, the merits of this issue was not addressed.
Accordingly, the deputy's order is affirmed as to the award of temporary total disability benefits and the cause is reversed and remanded for determination by the deputy as to claimant's entitlement to permanent disability benefits.
AFFIRMED in part, REVERSED in part, and REMANDED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] The employer/carrier voluntarily paid claimant temporary total disability benefits beginning July 3, 1979, until November 18, 1980. The February 26, 1980, date represents the last payment by the employer/carrier of temporary total disability compensation which was due for the period ending January 8, 1980.
[2] Contrary to the employer/carrier's argument, we find that the November 25, 1980, order awarding temporary total disability benefits, in part, which award was affirmed on appeal, was payment of compensation pursuant to any compensation order within the meaning of section 440.28. We therefore find this case distinguishable from Dean v. McLeod, 270 So.2d 726 (Fla. 1972), cited by the employer/carrier, Dean holding that a petition for modification which is denied cannot act to toll the limitations period for subsequent petitions for modification. Here, however, the November 25, 1980, order awarded compensation, albeit compensation previously voluntarily paid by the employer/carrier, and this order was affirmed, in part, on appeal. We therefore find that claimant's petition for modification was timely filed.

We disagree with claimant's argument that the statute of limitations was tolled during the pendency of claimant's prior appeal. See Menella & Associates, Inc. v. Roberts, IRC Order 2-3247 (1977), cert. denied, 357 So.2d 187 (Fla. 1978).