555 So.2d 909 (1990)
Normand DENEAULT, Appellant,
v.
ALACHUA COUNTY SCHOOL BOARD and Professional Administrators, Inc., Appellees.
No. 88-1775.
District Court of Appeal of Florida, First District.
January 12, 1990.
*910 Martin J. Goldberg, Gainesville, for appellant.
Jack A. Langdon of Langdon & McCarty, P.A., Gainesville, for appellees.
ERVIN, Judge.
Normand P. Deneault, the claimant below, seeks review of a workers' compensation order denying his petition for modification of an order that had denied him additional disability benefits and additional medical expenses. We affirm in part and reverse and remand in part.
Claimant, age 53, was injured in an industrial accident occurring on February 19, 1982. At that time he had been employed by the Alachua County School Board for approximately six years as a carpenter/glazier. His injury, a recurrence of an inguinal hernia, occurred when he grabbed a putty bucket that had fallen from a truck. On March 1, 1982, Dr. Brient repaired the hernia. Claimant was paid temporary total disability (TTD) until May 23, 1983.
In early May 1983, claimant complained of pain near the incision site. It was thought that claimant's ilioinguinal nerve was irritated or entrapped by scar tissue. Claimant was given several pain prescriptions and a series of injections of local anesthetic and pure alcohol to permanently anesthetize the nerve. No relief was obtained, and after a referral to Dr. Orr, a urologist, was likewise unsuccessful, a second surgery was performed on October 13, 1982, by Dr. Brient, who was assisted by Dr. Orr. Dr. Brient removed wire sutures which had remained in claimant since his first hernia operation approximately 26 years previous and revised the repairs for both hernias. There was no evidence of irritation or entrapment of the ilioinguinal nerve.
The claimant had previously filed a claim for temporary partial disability (TPD) benefits, and a hearing was held on November 7, 1983. On December 20, 1983, an order was entered finding that claimant's continuing and chronic complaints of pain in the area of his hernia and subsequent surgical repairs were causally related to his industrial accident of February 19, 1982. The employer/carrier (E/C) was ordered to pay TPD benefits from May 23, 1983 through the date of the order. An appeal to this court resulted in affirmance of that *911 order. Alachua County School Bd. v. Deneault, 455 So.2d 1033 (Fla. 1st DCA 1984).
The E/C suspended benefits after December 20, 1983 (the date of the order). Claimant, however, continued to experience pain and filed several claim forms requesting TTD from January 17, 1984 to the present and continuing. Claimant consistently described his injury as an irritation to the ilioinguinal nerve. A hearing on that claim was held on January 28, 1985.
The deposition of Dr. Mansheim, an internist, was admitted at the hearing. He diagnosed the abdominal hernia on January 22, 1982, and referred claimant to Dr. Brient. When claimant complained of pain at the incision site, Dr. Mansheim referred claimant back to Brient, thinking the cause was postoperative neuritis (nerve-type pain). He testified that the neuritis seemed to be related to the hernia, however, no objective reason was ever found for claimant's pain. Nevertheless, claimant associated it with the operation. Dr. Mansheim prescribed various pain medications without success so he eventually referred claimant to a pain clinic at the University of Florida. It was Mansheim's opinion that the pain was not debilitating.
At the time claimant was referred to the pain clinic, Dr. Mansheim noticed claimant had "loose associations," thereby making it difficult to diagnose claimant's condition. Dr. Mansheim recommended claimant see a psychologist, and he was referred to one at the pain clinic. The psychologist found no severe psychopathology, although he did find significant depression and anxiety. Claimant, however, indicated that he did not want further psychological intervention.
During the ensuing months, Dr. Mansheim received handwritten notes from claimant regarding his symptoms which, according to Dr. Mansheim, made no sense. For example, claimant complained that his pain had extended to his head and chest, which, in Dr. Mansheim's view, was anatomically impossible in view of the fact that claimant had suffered a recurrence of an inguinal hernia. He opined that claimant appeared to be obsessed by pain that had originally begun as probable incisional pain. He noted that most of claimant's complaints were not related to neuritis, with the possible exception of the postoperative incisional pain. In his view claimant's neuritis should have then been resolved. He was moreover unable to find any objective abnormalities, but conceded that claimant had a severe problem, requiring psychiatric treatment, because he had lost insight into his problems and could no longer function in society and work.
Dr. Berger, an anesthesiologist, testified that he treated claimant at the pain clinic. He said that claimant had symptoms of trauma to his nerves. It was his opinion that the pain in claimant's groin was consistent with ilioinguinal nerve neuritis or neuroma (tumor) formation secondary to the surgery. He also testified that claimant had sympathetic dystrophy in the lower extremities, which could have been related, although he was unable to so state positively. He also found evidence of vascular stenosis, which was unrelated to the hernia. Dr. Berger testified that the alcohol injections, if they did not completely destroy the nerve, could have aggravated or caused neuritis. He moreover was not treating claimant for ilioinguinal neuritis, but rather was treating him for supposedly reflex sympathetic dystrophy in the lower extremities. Finally he opined that claimant was not disabled due to the groin pain.
Dr. Orr, the urologist, testified that there was no obvious cause for claimant's pain and that the second operation revealed no entrapment of the ilioinguinal nerve or damage to the spermatic cord.
The judge entered an order on April 29, 1985, denying the claim for ongoing TTD benefits in connection with claimant's hernia injury. Specifically, he found that claimant failed to prove he was totally disabled, because there was no medical evidence to justify total disability resulting from the compensable hernia. Furthermore, claimant had failed to conduct a good faith job search. Claimant appealed pro se, which resulted in an affirmance of the order of April 29, 1985. Deneault v. Alachua *912 County School Bd., 489 So.2d 740 (Fla. 1st DCA 1986).
Claimant filed a new claim for benefits dated June 20, 1986, requesting permanent total disability (PTD), in connection with physical problems allegedly flowing from his hernia injury, from January 14, 1984 and continuing. At the hearing held on February 2, 1987, claimant was unrepresented. He offered no medical testimony to connect his present physical complaints to the 1982 hernia. Following the hearing, the judge gave claimant additional time to submit medical evidence to support his claim, however, claimant failed to do so. An order was issued on May 14, 1987, again denying the claim. Specifically, the judge found that claimant had recovered from his compensable hernia and that his multitude of other problems or complaints were not related to the compensable hernia sustained on February 19, 1982.
On December 12, 1987, claimant, by and through new counsel, filed a petition for modification and request for hearing, seeking modification of the May 14, 1987 order, on the ground that he had been incompetent to represent himself in the February 2 hearing and that he was therefore entitled to PTD benefits from January 14, 1984, and continuing. Claimant contended that his petition for modification was supported by evidence not available at the original proceeding and that a substantial new question has been raised regarding claimant's psychological disability and its relationship to the industrial accident of February 19, 1982.
A hearing on the petition to modify was held on May 31, 1988. Reports and letters from various doctors were admitted into evidence. Dr. Brient sent a letter highlighting his treatment of claimant and indicating that the hernia repair was strong and that certain other physical problems claimant attributed to the operations (rash, lesion, furuncle) were, in fact, unrelated to the hernia. Dr. Cauthen, a neurosurgeon, had nothing to recommend from a neurosurgical standpoint but said that claimant needed psychiatric care. Dr. Poetter, a licensed clinical psychologist, stated that claimant's health concerns were vague and bizarre and that he suffers from a chronic neurotic condition. He suggested claimant had hypochondriacal tendencies. Dr. Greenberg, a specialist in internal medicine and pulmonary diseases, stated that claimant's problems were psychiatric rather than physical. He suggested possible schizophrenia.
A letter dated January 21, 1986 from the Department of Surgery at the University of Florida stated that it was not thought that claimant's pain, difficulties, vomiting, etc., were in any way related to his previous hernia, however, claimant was unable to work. A social security investigation report dated February 26, 1987, was admitted. This report found that while claimant was not physically disabled, he was mentally disabled. Dr. Legum, a licensed clinical psychologist, wrote on April 27, 1988, that claimant's complaints had become increasingly bizarre, that claimant felt his work injury had never been corrected, and that the injury and medical history allowed claimant to unconsciously displace his feelings of frustration into his obsessiveness. He felt that claimant was a conversion patient and that his psychological maladjustment was inextricably intertwined with his physical history. In short, he felt that claimant's present psychological condition was related to the hernia.
The judge entered an order on June 14, 1988, denying claimant's petition for modification. The judge stated that he had previously considered the psychologist's reports when he arrived at his earlier decisions, and that claimant was merely asking the judge to reconsider his case, which is not an appropriate basis for a petition to modify. Accordingly, he concluded that claimant had failed to show a mistake of fact or substantial change of circumstances. It is from this order that claimant appeals.
Claimant raises essentially three points on appeal  (1) whether the judge erred by not granting the petition for modification for mistake of fact, because the true extent of claimant's psychological injury was not known and had not manifested itself in *913 sufficient degree as to be subject to proof; (2) whether the judge erred by not granting the petition for modification for change of condition, because his psychiatric condition had become progressively worse and was not anticipated by the original diagnosis; and (3) whether the judge erred by allowing him to proceed with the February 1987 hearing without the benefit of an attorney or guardian.
In regard to the first issue, claimant urges reversal under Section 440.28, Florida Statutes (1987),[1] contending that the judge made a mistake in a determination of fact in that he did not know the extent of claimant's psychological disability. Claimant admits, however, that some of the evidence was available at the time of the February 1987 hearing, but that he failed to submit it, even though he was given an extension of time to do so. It is the claimant's responsibility to have critical evidence admitted at the hearing. Like any other proceeding, he is bound by the evidence presented. Because the mistake here was made by the claimant, not the judge, the judge correctly denied appellant's petition for modification as to the mistake of fact ground. See Burdines Dep't Store v. Palmer, 489 So.2d 1167 (Fla. 1st DCA 1986) (judge erred in granting petition for modification based on mistake in determination of fact, resulting from failure to consider certain testimony, because claimant failed to present this testimony at the hearing).
Turning to appellant's second point, we find merit and agree that the judge erred by not granting the petition for modification for change of condition. Section 440.28[2] allows a judge, on the ground of a change in condition, to review a compensation case and enter a modified order. In Frito Lay Inc. v. Anderson, 453 So.2d 135, 136 (Fla. 1st DCA 1984), this court upheld an order granting a petition for modification based upon a change in condition, because the evidence showed that the claimant had developed psychiatric problems that either were not known, or had not sufficiently manifested themselves to be subject to proof, at the time of the initial order, and that his psychiatric problems were causally related to the industrial injury.
Admittedly there was some evidence presented at the prior proceedings that claimant had psychiatric problems (Dr. Mansheim's testimony and the report from the psychologist at the pain clinic) and the judge in fact stated that he had considered that evidence when he made his prior rulings. Nevertheless, although there existed some evidence of psychological disorder, that disability was not manifested so as to be subject to proof that it was causally related to claimant's physical injury. The evidence later submitted at the modification hearing, including review of claimant's own testimony over the years, clearly shows that claimant's psychological condition had become progressively worse. This court stated in Westwinds Transp., Inc. v. Murphy, 494 So.2d 519, 522 (Fla. 1st DCA 1986), that section 440.28 was designed to "afford relief to a claimant whose condition either 1) becomes progressively worse when not anticipated by the original diagnosis or 2) is the product of evidentiary factors not known at the time of the initial claim proceeding."
Additionally, and most importantly, while most of the doctors and psychologists who examined claimant limited their evaluations to merely describing claimant's psychiatric state, Dr. Legum expressly linked claimant's psychological disability to his hernia injury. Yet the judge makes no reference to Dr. Legum's testimony and provides no reason for rejecting his opinion. This was error. See Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336, 1337 (Fla. 1st DCA) (judge may not reject unrefuted medical testimony *914 without sufficient reason), review denied, 513 So.2d 1062 (Fla. 1987).
There is, to be sure, some evidence in the record disclosing that appellant's psychological disorder commenced before the industrial accident. (Claimant complained to Dr. Cauthen from 1977 to 1981 regarding various pains and physical problems.) Nevertheless, aggravation of a psychiatric condition may be compensable if it is the direct and proximate result of the industrial accident. Franklin Manor Apartments v. Jordan, 417 So.2d 1159 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983). The record at bar clearly suggests that claimant's complaints of pain were considered to originate as postoperative neuritis. Although treated by numerous doctors, his pain could not be relieved. After months of chronic pain, those complaints extended to other areas, and his mental condition substantially deteriorated. It would therefore appear, based upon the testimony of Drs. Legum and Mansheim, presented at the modification proceeding, that claimant's psychological condition was directly related to his hernia.
We make our decision today without reaching appellant's third point, because this was an appealable issue that should have been raised in connection with the May 14, 1987 compensation order.
AFFIRMED in part, and REVERSED in part and REMANDED for further proceedings consistent with this opinion.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 440.28 provides in pertinent part:

[U]pon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may ... review a compensation case . .. and ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
[2] See footnote 1 for pertinent statutory language.