569 So.2d 921 (1990)
Charles T. PITTS, Appellant,
v.
NIMNICHT CHEVROLET and Adjustco, Inc., Appellees.
No. 89-1455.
District Court of Appeal of Florida, First District.
November 15, 1990.
*922 Sarah H. Bohr, Jacksonville Area Legal Aid, Inc., for appellant.
Jack W. Bettman, Jacksonville, for appellees.
JOANOS, Judge.
Claimant in this workers' compensation case appeals an order of the judge of compensation claims determining that claimant's letter to the Division of Workers' Compensation did not constitute a timely petition for modification of a prior order. We reverse.
On February 2, 1984, claimant sustained a work-related accident and concomitant back injury, for which a claim for benefits was filed on April 22, 1984. Claimant was represented by Mr. William Massey during the prior proceedings. The employer/carrier defended the claim on grounds that claimant's disability was not related to the industrial accident. The claim was decided adversely to claimant in an order dated July 17, 1986. An appeal was taken, and the order denying compensation benefits was affirmed by this court without written opinion on July 14, 1987. On September 3, 1987, claimant wrote the following letter to the Division of Workers' Compensation:
September 3, 1987
Dear Sirs:
Reference is made to the above Docket Number BO 265, Charles Pitts vs. Nimnicht Chevrolet Adjust Company [sic].

*923 The employer filed on February 2, 1984. I respectfully request a hearing on my case.
The disposition set forth on August 20, 1987 was not in my favor. I am not represented by an attorney, because my attorney, William W. Massey, resigned my case on the date stated above.
Your help and consideration in this matter is greatly appreciated.
The letter indicates that copies were sent to the deputy commissioner; to Mr. Massey, claimant's prior counsel; and to Mr. Bettman, counsel for employer/carrier in the prior proceeding, as well as in this proceeding.
The deputy commissioner issued a notice of hearing, setting a pre-trial conference for November 17, 1987, with a copy to Mr. Massey as attorney of record for claimant. On October 16, 1987, Mr. Massey filed a motion to withdraw as counsel, alleging that irreconcilable differences had arisen between claimant and himself, and that it appeared claimant intended to proceed with his claim, acting for himself rather than with benefit of counsel. Mr. Massey's motion to withdraw was granted November 13, 1987.
The pre-trial conference was postponed several times; claimant proceeded on his own during this period. Both parties were represented by counsel at the pre-trial conference held March 8, 1989. At the hearing, claimant's counsel argued that claimant's letter of September 3, 1987, was adequate to toll the time for the filing of a petition for modification under section 440.28, Florida Statutes. Counsel further argued that claimant's letter should be construed as a petition for modification, and that claimant was no longer represented by counsel when he wrote to the Division requesting a hearing.
Counsel for employer/carrier conceded that if the judge of compensation claims found that claimant's letter was specific enough to constitute a petition for modification, it was timely, and effectively tolled the running of the limitations period. However, it was employer/carrier's position that claimant was represented by counsel when he wrote the letter of September 3, 1987, thus any action on the case had to be conducted through counsel.
The judge of compensation claims entered an order finding that claimant was still represented by counsel when he personally wrote a letter to the Division of Workers' Compensation. The judge's ruling in this regard was based on the fact that claimant's counsel filed a motion to withdraw in October 1987, after claimant's September 3, 1987, letter to the Division. Deeming claimant's letter a nullity, the judge ruled that it would not be construed as a petition for modification or a legally sufficient substitute.
Claimant subsequently filed a motion for rehearing with attached affidavit from Mr. Massey, his former counsel, which stated that following this court's decision in the prior proceeding, he advised claimant that he was no longer representing him. The affidavit further stated that (1) Mr. Massey did not file a motion to withdraw at that time because no claim was pending with the Department of Labor and Employment Security; (2) Mr. Massey was unaware of the existence of claimant's letter of September 3, 1987, until he received the order dated October 14, 1987; and (3) upon receipt of the order, on October 16, 1987, Mr. Massey filed a motion to withdraw. The affidavit concluded with the statement that even though counsel did not seek to withdraw from the case officially until October 16, 1987, he considered that his representation of claimant terminated in July 1987, following the decision of this court.
Mr. Massey appeared as a witness at the hearing on claimant's motion for rehearing. He explained that he felt he was still attorney of record when he received the deputy commissioner's notice of the pre-trial conference. Mr. Massey said he filed a motion to withdraw at that time, because he did not want to be involved in any further proceedings in connection with claimant's case. Mr. Massey reiterated that he did not file a motion to withdraw when he received the decision in the prior appeal, because no legal matters were pending at that time before the Department of Labor *924 and Employment Security. After hearing arguments of respective counsel, the judge concluded that Mr. Massey was still the attorney of record when claimant wrote the letter of September 3, 1987, and denied the motion for rehearing.
The statute pertaining to modification of worker's compensation orders states in part:
Upon a deputy commissioner's own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties ..., review a compensation case in accordance with the procedure prescribed in respect of claims in § 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
§ 440.28, Fla. Stat. (1983).
Thus, once a date of maximum medical improvement has been established and permanent disability awarded or denied, additional claims for benefits must be made by way of a section 440.28 petition for modification. Bishop v. Pinellas Framing & Finishing, 414 So.2d 596, 597 (Fla. 1st DCA), review dismissed, 419 So.2d 1195 (Fla. 1982). Such modification may be undertaken upon initiative of the deputy, "or upon the petition of any interested party, ..." Id. The form of the petition does not affect entitlement to relief, i.e., "[r]elief should not be denied because the petition is mislabeled as a claim or does not take a given form." Bishop, 414 So.2d at 597. See also McKenney v. School Board of Palm Beach County, 456 So.2d 524, 527 (Fla. 1st DCA 1984); Robinson v. JDM Country Club, 455 So.2d 1077 (Fla. 1st DCA 1984); Jenkins Electric, et al. v. Mayes, 393 So.2d 44 (Fla. 1st DCA 1981). Rather, the determining factor appears to be whether the employer/carrier were prejudiced by the mislabeling. If the record reflects that the employer/carrier received notice of the mislabeled petition for modification and were cognizant of the facts relied upon in support of modification, the judge, acting on his own initiative, should treat the claim as a petition for modification. Robinson, 455 So.2d at 1079.
In the instant case, the judge concluded that claimant's letter did not constitute a timely petition for modification or a legally sufficient substitute, based on his finding that claimant was represented by counsel when the letter was transmitted, and said counsel was not involved either in preparation or transmittal of the letter.
Florida Workers' Compensation Rule of Procedure 4.060(c) provides in part:
An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workers' compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless he shall first file with the Deputy Commissioner a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant's client and counsel for the adverse party and shall then obtain from the Deputy Commissioner an order granting such motion for withdrawal... .
The express articulation of the procedure to be employed by a claimant's attorney in withdrawing from a workers' compensation case indicates that the rule is but one aspect of the scheme to protect the interests of the injured employee. However, there is nothing in rule 4.060(c), or in section 440.28, which could be read as precluding a claimant from acting on his or her own behalf, even though purportedly represented by counsel.
In this case, employer/carrier concede that they received a copy of the September 3, 1987, letter. Similarly, the record reflects that employer/carrier were cognizant of the facts alleged by claimant in support of his claim/petition for modification. While employer/carrier urged the judge that it would be unfair to permit claimant and his counsel both to file documents in the case, they have not alleged prejudice due to claimant's act in filing the *925 subject letter during the period that Mr. Massey technically was still attorney of record.
In addition, although employer/carrier have recited the appropriate standard and supporting authority for modification of a workers' compensation order, these principles are inapposite to the issue on appeal. It is well settled that modification under section 440.28 must be based on a showing of a change in condition or a mistake in a determination of fact, and that modification proceedings are not intended as a vehicle for relitigation of issues previously determined. University Inns v. Davis, 413 So.2d 128, 129 (Fla. 1st DCA 1982). See also Power v. Joseph G. Moretti, Inc., 120 So.2d 443, 446 (Fla. 1960); McKenney v. School Board of Palm Beach County, 408 So.2d 655, 657 (Fla. 1st DCA 1981); City of West Palm Beach v. Chisolm, 405 So.2d 279 (Fla. 1st DCA 1981). However, the issue in this case is the propriety of the determination that claimant's September 3, 1987, letter was a nullity.
Although technically, Mr. Massey was attorney of record when claimant filed the letter at issue, in view of the circumstances, claimant was justified in believing that the representation had terminated and in conducting himself accordingly. Consequently, we conclude that it was an abuse of discretion to rule that claimant's letter to the Division was a nullity. In so ruling, we express no view regarding the sufficiency of the letter to constitute a petition for modification, since this question was not ruled upon by the judge of compensation claims.
Accordingly, we reverse the order appealed, and remand with directions to treat the letter as sufficient to toll the limitations period, and to permit the filing of an amended petition for modification. See generally, McKenney v. School Board of Palm Beach County, 456 So.2d at 527.
SHIVERS, C.J., and MINER, J., concur.