652 So.2d 905 (1995)
ESCAMBIA COUNTY TRANSIT and Home Indemnity Company, Appellants,
v.
Margaret STALLWORTH, Appellee.
No. 94-1287.
District Court of Appeal of Florida, First District.
March 23, 1995.
Rollin D. Davis, Jr., of Shell, Fleming, Davis & Menge, and Roger M. Sherman for Roger M. Sherman, P.A., of King and Sherman, Pensacola, for appellants.
Thomas F. Condon of Mitchell & Condon, and Millard L. Fretland of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for appellee.
DAVIS, Judge.
Appellants, Escambia County Transit and Home Indemnity Company ("E/C") appeal an order of the Judge of Compensation Claims ("JCC") awarding claimant permanent total disability ("PTD") benefits. Appellants argue that the JCC erred in estopping the E/C from raising the two-year limitations period in section 440.28, Florida Statutes. We hold that the JCC erred in estopping the E/C from raising the limitations period in section 440.28 and reverse. We find that appellants *906 have failed to preserve their second point for appellate review.
Claimant was injured in a compensable accident on July 12, 1979. Following the industrial accident, claimant filed a claim for compensation benefits, including PTD benefits. On August 13, 1981, the deputy commissioner entered an order finding that claimant was not PTD. The deputy commissioner ordered the E/C to pay claimant compensation for permanent partial disability equal to 37 percent of the whole body based on a loss of wage earning capacity. Under the law in effect at the time of the injury, claimant was to receive compensation for 127.5 weeks (37 percent of 350 weeks) after January 26, 1981, the date of maximum medical improvement.
In July 1991, claimant filed a second claim for medical benefits and compensation benefits, including PTD benefits. Upon filing the 1991 claim, counsel for claimant was unaware that claimant's entitlement to PTD benefits had previously been adjudicated. The pretrial stipulation indicated, among other things, that claimant's entitlement to PTD benefits was to be tried at the final hearing. The E/C listed as a defense that the E/C had provided all benefits required by the Act and earlier orders of the deputy commissioner.
A final hearing on claimant's 1991 claim was held on May 14, 1992. At the hearing, counsel for the E/C informed the JCC that he was unaware that claimant was seeking PTD benefits. Upon learning that claimant was seeking PTD benefits, counsel for the E/C asserted that claimant's entitlement to PTD benefits had previously been litigated and had been denied in the August 13, 1981 order. Counsel for the E/C further noted that he had provided claimant's counsel with a copy of the prior order denying PTD benefits. After some discussion, claimant's counsel asserted to the JCC that the claim for PTD benefits could be treated as a petition for modification. Because counsel for the E/C had not received a formal notice of the final hearing from the JCC's office, the JCC continued the hearing.
A continuation of the final hearing was held on May 21, 1992. At the commencement of the hearing, the JCC announced that the parties had agreed to treat claimant's claim for PTD benefits as a petition for modification based on a change in condition. At that time, counsel for the E/C raised the defense that claimant's petition for modification had not been filed within the two-year limitations period provided in section 440.28. Counsel for the E/C argued that, because the parties agreed to treat the claim as a petition for modification at the prior hearing, the E/C should not be precluded from raising the statute of limitations defense at that time. The JCC refused to allow the E/C to raise the statute of limitations defense for several reasons. First, the E/C had stipulated in the pretrial stipulation that the claim was for PTD benefits and had not raised the statute of limitations defense. Second, the E/C had not raised the statute of limitations defense at the prior hearing when the claim was treated as a petition for modification. Third, the E/C had not asserted that claimant had filed an improper pleading.
On March 17, 1994, the JCC entered a final order determining that claimant's claim was not time-barred and awarding claimant PTD benefits. Although the claim was treated as a petition for modification at the final hearing, the JCC's order characterized the proceeding as a proceeding on a claim. In finding that claimant's claim was not time-barred, the JCC noted that, under section 440.19(3), Florida Statutes, the statute of limitations defense is waived unless the defense is asserted at the first hearing involving the claim. The JCC concluded that, because the E/C failed to object to the filing of a claim under section 440.25, Florida Statutes, rather than a petition for modification under section 440.28, Florida Statutes, and failed to timely assert the statute of limitations defense in the pretrial stipulation, the E/C waived the right to object to the defect in the claim or to assert the statute of limitations defense.
We hold that the JCC erred in estopping the E/C from asserting the two-year limitations period provided in section 440.28 after the claim was treated by claimant and the JCC as a petition for modification. The JCC properly treated the claim as a petition for modification. See Pitts v. Nimnicht Chevrolet, 569 So.2d 921 (Fla. 1st DCA 1990); *907 Robinson v. JDM Country Club, 455 So.2d 1077 (Fla. 1st DCA 1984); Bishop v. Pinellas Framing & Finishing, 414 So.2d 596 (Fla. 1st DCA 1982), rev. dismissed, 419 So.2d 1195 (Fla. 1982). Once the claim was treated as a petition for modification, however, the JCC erred in not allowing the E/C to assert the limitations period in section 440.28.
Section 440.28, Florida Statutes (1979), provides in pertinent part:

Modification of Orders.  Upon a deputy commissioner's own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation... .
Unlike the limitations period for filing a claim provided in section 440.19, Florida Statutes, the limitations period for modification of orders provided in section 440.28, Florida Statutes, is jurisdictional and is not an affirmative defense that may be waived by the parties.[1]Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1359 (Fla. 1982); University of Florida v. McLarthy, 483 So.2d 723 (Fla. 1st DCA 1985). Thus, assuming that the 1981 order precludes a claim for PTD benefits, the JCC should have allowed the E/C to assert the limitations period of section 440.28 and to put on evidence in proof of that defense once the claim was treated as a petition for modification.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ALLEN, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] A mislabeled claim for benefits is sufficient to toll the limitations period until a properly labeled petition for modification is filed. McKenney v. School Bd. of Palm Beach County, 456 So.2d 524 (Fla. 1st DCA 1984).