HAWKES, J.
Walt Disney World appeals the Judge of Compensation Claims’ (JCC) order which, after finding the Claimant suffered a significant change in condition, granted a modification of a prior order denying permanent total disability (PTD) benefits pur *829 suant to section 440.28, Florida Statutes (2001). We affirm the award of PTD benefits. However, because there is no record evidence to support the effective date of the award, we remand for proceedings consistent with this opinion.
A party seeking a change in condition “must demonstrate by new and positive evidence that the claimant’s condition has changed so that the conditions that were the foundation of the prior order no longer operate.” Smith v. Polk County Bd. of Comm’rs, 843 So.2d 321, 328 (Fla. 1st DCA 2003). The change cannot be one anticipated by the original diagnoses and must be the product of evidentiary factors not known at the time of the initial proceeding. See Robinson v. JDM Country Club, 455 So.2d 1077 (Fla. 1st DCA 1984).
Here, the JCC made the award retroactive to November 8, 2001, one day after the date of the initial order denying PTD benefits. The record before this court is totally devoid of any evidence that would support a finding of a substantial change in Claimant’s condition as of November 8, 2001.
The JCC’s order references several findings supporting his determination that Claimant had undergone a significant change in condition; among them were that:
1. Dr. Gutman placed Claimant on a no work status on October 28, 2003;
2. Claimant was accepted as disabled under the Social Security Act pursuant to an order dated April 15, 2003; and
3. Claimant’s November 19, 2003, testimony that her condition was worsening.
Because we are unable to determine if one of the factors referred to in the JCC’s order was more significant than another in the JCC’s fact-finding process, or if a combination of the factors resulted in the finding .of a significant change, we must remand. On remand, the JCC is to determine the date the evidence establishes a significant change in Claimant’s mental condition occurred.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN and DAVIS, JJ., concur.